A. S. VICTORY ET AL. V. J. R. HINSON ET AL.

No. 6803.   Decided February 24, 1937.
(102 S. W., 2d Series, 194.)

R. E. *Minton*, of Lufkin, and *Edwin M. Fulton*, of Gilmer, for plaintiffs in error.

The leases were present conveyances of all the oil and gas in place and left no interest in plaintiffs in error taxable against them as real property. Hager v. Stakes, 116 Texas 453, 294 S. W. 835; Lemar v. Garner, 121 Texas 502, 50 S. W. (2d) 769; Empire Gas & Fuel Co. v. State, 121 Texas 138, 47 S. W. (2d) 265.

*E. S. Pritchard,* of Fort Worth, *Gus Morris* and *Milton Greer Mell,* both of Gilmer, for defendants in error.

The leases in question conveyed to lessees only a 7/8 undivided interest in the oil and gas in place, and 1/8 royalty interest of plaintiffs in error thereunder is excepted from the grant and remains real property, taxable as such against them. Taylor v. Higgins Oil & Fuel Co., 2 S. W. (2d) 288; Cantrell v. Brannon, 16 S. W. (2d) 400; Federal Royalty Co. v. State, 42 S. W. (2d) 670.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

We adopt the following statement of the case made by Justice ALEXANDER in his opinion prepared for the Court of Civil Appeals:

"A. S. Victory and others brought this suit against the county judge and county commissioners of Upshur County and others to restrain the collection of certain county and state taxes theretofore assessed against the royalty interest owned by the plaintiffs in certain land in said county. From the allegations contained in plaintiffs' petition and the exhibits attached thereto, it appears that on January 1, 1932, the plaintiffs owned certain land in Upshur County, which land had theretofore been leased by them to third parties for oil and gas mining purposes. The plaintiffs rendered said land for taxes to the county tax assessor, but indorsed on said rendition the following notation: 'This does not include the 1/8 royalty under oil lease. The royalty is not subject to taxation against these lessors, see: Ehlinger v. Clark, 117 Tex. 547, 8 S. W. (2d) 666; Stephens County v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S. W. 290, 29 A. L. R. 566.' The county tax assessor accepted said rendition with the values as fixed thereon by said property owners. Thereafter during the same year said tax assessor, at the time and in the manner and form provided by law for the assessment of unrendered real estate, separately listed and inventoried plaintiffs' mineral or royalty interest in said land, placed the same on the rendered tax rolls of said county, and duly assessed same for the taxes levied for the year

1932, which assesment was thereafter duly approved by the commissioners' court of said county. Plaintiffs paid all taxes claimed to be due against said land under the voluntary rendition thereof as made by them, but refused to pay the taxes claimed to be due against their mineral or royalty interest in said land as assessed against same on the unrendered tax rolls of said county. It is the latter item of taxes that is here in dispute. The plaintiffs in their petition to restrain the collection of said taxes set out fully the terms of the oil and gas mining leases and sought to establish that they owned no such mineral or royalty interest in said land as was subject to taxation as real property. The trial court sustained a general demurrer to plaintiffs' petition and upon the plaintiffs' refusal to further amend dismissed the suit. The plaintiffs appealed."

The Court of Civil Appeals affirmed the judgment of the trial court. 71 S. W. (2d) 365.

1    Application for writ of error was granted because of the pendency at that time in this Court of the case of Sheffield v. Hogg involving the same question. Every question presented in this case was later decided contrary to the contentions of plaintiffs in error by the opinion of this Court in Sheffield v. Hogg, 124 Texas 290, 77 S. W. (2d) 1021, 80 S. W. (2d) 741. The principal question presented in this case is whether the royalty interest of plaintiffs in error is subject to taxation as real estate. It is conceded that the Sheffield-Hogg case set that question at rest. It is subject to taxation as real estate under Art. 7146.

2    Plaintiffs in error contend, however, that the other question presented was not decided in that case. That question relates to the authority of the tax assessor under the facts above stated to assess the royalty interest as unrendered property. The notation made by plaintiffs in error upon the rendition sheet is copied above. By it they expressly excepted their royalty and represented that all their mineral interest had passed by determinable fee to the lessee. That this is the proper construction of the notation, is made certain when the cases cited as a part thereof are considered. In their pleading in this case it was alleged " * * * which royalty interest was excepted from their voluntary rendition." In the Sheffield-Hogg case this notation was placed on the rendition sheet: "Note: It is not the intention to render any of the oil, gas, sulphur or other minerals in the above lands, as said minerals were transferred, set over, sold and conveyed by Will C. Hogg, Miss Ima Hogg, Mike Hogg, and Tom Hogg to John Hamman per instrument dated June 6, 1913, recorded in Book 125, pages 53 et seq., of the

Deed Records of Brazoria County, which instrument covers all of said land." The instrument referred to was a mineral lease. It is true that the opinion of Justice GREENWOOD in that case does not discuss the question of the authority of the tax assesor to assess the royalty interest for taxation as unrendered property, but the judgment of this Court reversing that of the Court of Civil Appeals and affirming that of the trial court necessarily upheld the validity of the assessment.

The same question was presented for decision in Bracken v. Van Zandt County, 74 S. W. (2d) 540, and the validity of the assessment upheld. This Court refused a writ of error in that case.

In the case of Republic Insurance Co. v. Highland Park Independent School District, recently decided by this Court, 129 Texas 55, 102 S. W. (2d) 184, it was claimed that the insurance company improperly deducted from the value of its personal property certain reserves. In discussing the method of assessing those reserves we stated: "If the reserves claimed by plaintiff were illegally deducted, the result was exactly the same as if they had never been rendered at all. They would constitute unrendered property and Articles 7208 and 7218 immediately became applicable to them and furnished a proper method of subjecting them to taxation."

Upon the authority of these cases, the judgment of the Court of Civil Appeals in this case should be upheld.

The question for decision is a tax question only. It therefore becomes unnecessary to write upon the question so well discussed in the briefs of what constitutes a severance of the mineral estate from the surface estate in land. Our holding is limited to this conclusion: If a taxpayer, who owes the duty of rendering his property for taxation, voluntarily undertakes to exclude a portion thereof, even though such portion be an integral part of the whole, from his rendition sheet, the tax assessor is authorized to treat that portion as unrendered property and proceed to list and assess same in accordance with the statutes.

Both the trial court and the Court of Civil Appeals have correctly decided every question presented and their judgments are accordingly affirmed.

Opinion adopted by the Supreme Court February 24, 1937.