**CITY OF CORPUS CHRISTI v. STATE et al.**

No. 11027.

Court of Civil Appeals of Texas. San Antonio.

Oct. 15, 1941.

Rehearing Denied Nov. 12, 1941.

Ward & Brown, of Corpus Christi, for appellant.

C. Burtt Potter and Rockey Harkey, both of Sinton, for appellees.

NORVELL, Justice.

This is an appeal by the City of Corpus Christi from a judgment in favor of the State of Texas and Mathis Independent School District, awarding a foreclosure of tax liens against approximately 918 acres of land in San Patricio County, Texas. The judgment appealed from awarded the State of Texas a recovery of $1,395.32, being the amount of State, County and Road District taxes for the years 1934 to 1939, inclusive. The Mathis Independent School District was awarded the sum of $995.88, the amount of its taxes for said years. The judgment was rendered against Zenna H. Coffin and the City of Corpus Christi jointly but contained a recitation that Mrs. Coffin should recover over and against the City.

No efficient complaint is made of the form of the judgment in this particular, and the trial court's findings and conclusions show that the recovery for taxes was against Zenna H. Coffin and not the City of Corpus Christi. There is no statement of facts.

Appellant submits this appeal upon one point, viz: "The land used exclusively by the City of Corpus Christi for its municipal water reservoir under an easement deed granting such use for 40 years, or so long as the City shall maintain a reservoir thereon, is exempt from taxation."

It appears that on October 4, 1927, Zenna H. Coffin, joined by her husband, A. B. Coffin, and Mrs. S. G. Miller, a widow, for a cash consideration of $38,000, conveyed what is described in the instrument of con-

veyance as an easement covering the 918 acres in question. This instrument is rather lengthy and the granting clause is as follows: "have Granted, Sold and Conveyed, and by these presents do Grant, Sell and Convey unto the City of Corpus Christi, Texas, situated in Nueces County, State of Texas, an easement on the hereinafter described tract of land for the purpose of submerging the same for a municipal water reservoir, to be maintained and operated thereon, and all other uses incident thereto, together with the right of ingress and egress to and from said Reservoir and all other rights necessary and incident to the construction, maintenance and operation of said Reservoir, together with all water rights, riparian rights, and other appurtenances thereto belonging for a period of forty (40) years, or so long as said City shall maintain the Reservoir thereon, * * *."

This easement deed contained a recitation that 810 acres lay below the elevation of seventy-five feet above sea level and 108 acres between the elevations of seventy-five and eighty-five feet above sea level. The City agreed to maintain the water level of the reservoir at approximately seventy-five feet above sea level, using that land between the seventy-five and eighty-five foot contours only in cases of emergency. It is clear that under the agreement the grantors retained the right to use the land between the seventy-five and eighty-five foot contours for agricultural purposes, subject of course to the City's easement. The contract expressly reserved such rights to the grantors insofar as lands (when not submerged) situated below the seventy-five foot contour were concerned. Likewise, all mineral rights were expressly reserved to the grantors.

Further, the agreement of conveyance expressly provided that: "it is part of the consideration of this easement deed that all of the land conveyed by this deed shall remain the property of the Grantors, subject only to the easement and rights conveyed to the City of Corpus Christi, Texas, herein, * * * and that it is part of the consideration of this easement deed that the City of Corpus Christi shall pay all yearly taxes on the conveyed premises as they accrue from year to year; * * *."

The trial court did not base its judgment against the City upon the assumption that the easement acquired by the City was taxable as such by the State, the County of San Patricio or the Mathis Independent School District, but, rather, upon the theory that under the provisions of the easement deed the City had agreed to pay all taxes assessed against the property involved.

The trial court found that for the years 1934, 1935 and 1936, the City rendered the property as being exempt from taxation, but that said property was rendered for taxation for the year 1934 by A. B. Coffin, the husband of Zenna H. Coffin, at a valuation of $9,000. For the years 1935, 1937 and 1938, Coffin rendered the property at a valuation of $10,210.

There is no contention here made that the assessed valuation was excessive; i. e., that the interest of the grantors retained in the easement deed to the City was in fact of less value than that fixed by the taxing authorities involved. No complaint is made as to the methods or means followed in making the assessment or fixing the liens against the property.

It will therefore be seen that in order to secure a reversal of the judgment it is necessary for appellant City to show that it "owned" the property to the exclusion of the grantors in the easement deed, or, stated more directly to the point, that said grantors retained no taxable interest in the property.

We are of the opinion that the written instrument involved is an easement deed. It is so described in the conveyance itself. Its effect was to burden the lands described therein with an easement which undoubtedly operated to decrease substantially the value of the property for farming or grazing purposes. It did not, however, diminish or destroy the title or estate of said grantors to the extent that such interest can no longer be classified as real property and taxed as such. Article 7146, Vernon's Ann.Civ.Stats.; Victory v. Hinson, 129 Tex. 30, 102 S.W.2d 194; 40 Tex. Jur., 94, § 63.

It follows that the point upon which the appeal is predicated is not well taken, and our order affirming the judgment of the trial court will therefore stand. This opinion, however, will be substituted in lieu of our former opinion.

Appellant's motion for rehearing is overruled.