

## THE ATTORNEY GENERAL,
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 1, 1947

Honorable Sidney J. Brown
County Attorney
Fort Bend County
Richmond, Texas

Opinion No. V-395

Re: The taxability of
certain real property
on which Sugarland In-
dustries granted cer-
tain easement rights
to Fort Bend County
Water Control and Im-
provement District.

Dear Mr. Brown:

Your request for an official opinion bearing
date of September 18, 1947, is as follows:

"A question has arisen as to whether ap-
proximately 900 acres of land owned by the
Sugarland Industries should be subject to
State and County taxes. This land is located
in the Fort Bend County Water Control and Im-
provement District number One which was cre-
ated about 1929 and the Sugarland Industries
and some of its subsidiaries conveyed certain
easement rights to the Ford Bend County Water
Control and Improvement District number One
in 1936 and these easements conveyed approxi-
mately 900 acres. Since 1937 the officials
of the Sugarland Industries have signed the
assessment rolls on the property and marked
the assessment as being exempt from taxation
because the property was owned by the Fort
Bend County Water Control and Improvement
District, a political subdivision of the
State.

"About ninety per cent of the area com-
prising the Fort Bend County Water Control
and Improvement District number One is owned
by the Sugarland Industries and a survey was
made by them of all the small lakes, sloughs,
creeks, and bayous on their land and then the
easement was conveyed to the District. The

easement contained the following provisions
with reference to the purpose of the grant,
to-wit:

"'A prior and superior right to take,
use, enjoy, and dispose of for use by others,
any and all water constituting the natural
flow, flood or impounded waters of Oyster
Creek, subject only to such priorities,
other than those which would otherwise arise
by virtue of riparian rights, as may be pro-
vided by law with respect thereto.'

"* * *

"The Assessor and Collector of Fort
Bend County certainly does not intend to tax
the Water Control and Improvement District
but he is contending that Sugarland Indus-
tries should pay taxes for the past ten
years on the value of their remaining in-
terest in the property. The land is now
being sold for home sites along the lake
fronts and the Assessor and Collector has
refused to issue tax certificates until
taxes are paid upon the land for the past
ten years.

Concretely your question is: "Does the grant-
ing by Sugarland Industries to the Fort Bend County Water
Control and Improvement District of an easement in cer-
tain real property owned by it operate to exempt the
property in question from ad valorem taxation?"

We do not think this question requires extend-
ed discussion. It is no longer a debatable question in
this State, if, indeed, it ever was. A mere easement
granted to the Fort Bend County Water Control and Im-
provement District by the Sugarland Industries will not
support an exemption since the grantors remain in fact
the owners of the property.

In the case of City of Corpus Christi v.
State, 155 S. W. (2d) 824 (1941, error refused), the
landowners granted to the city of Corpus Christi a
forty-year "easement" for the construction and use of
a water reservoir, the owners retaining title, the
mineral rights and agricultural rights with respect
to a certain portion of the tract, which however the

city could use as a reservoir in case of an "emergency."
In passing upon the question, the Court stated:

> "We are of the opinion that the written
> instrument involved is an easement deed. It
> is so described in the conveyance itself.
> Its effect was to burden the lands described
> therein with an easement which undoubtedly
> operated to decrease substantially the value
> of the property for farming or grazing pur-
> poses. It did not, however, diminish or de-
> stroy the title or estate of said grantors
> to the extent that such interest can no long-
> er be classified as real property and taxed
> as such. Article 7146, Vernon's Ann. Civ.
> Stats.; Victory v. Hinson, 129 Tex. 30, 102
> S. W. 2d 194; 40 Tex. Jur., 94, 8 63."

We perceive no distinction in your case and the city of
Corpus Christi case. Indeed, the facts seem almost par-
allel.

Articles 7146 and 7319, V. C. S. provide
respectively:

> "Real property for the purpose of taxa-
> tion, shall be construed to include the land
> itself, whether laid out in town lots or
> otherwise, and all buildings, structures and
> improvements, or other fixtures of whatsoever
> kind thereon, and all rights and privileges
> belonging or in any wise appertaining there-
> to, and all mines, minerals, quarries and
> fossils in and under the same."

> "For the purpose of taxation, real prop-
> erty shall include all lands within this State,
> and all buildings and fixtures thereon and ap-
> pertaining thereto, except such as are express-
> ly exempted by law."

It is quite apparent that this property of the
Sugarland Industries is real estate subject to taxation
under the foregoing statutory provisions and the Corpus
Christi case, supra, notwithstanding the easement un-
doubtedly operates to decrease the value of the property
for other purposes. However, it did not, as expressed
in the language of the Corpus Christi case, "diminish
or destroy the title or estate of said grantors to the

extent that such interest can no longer be classified as real property and taxed as such."

You are, therefore, advised that the property of the Sugarland Industries involved in your opinion request is subject to taxation.

## SUMMARY

An easement granted by the owner of real property to a tax exempt political subdivision of the State will not exempt the entire property from taxation since the grantors remain the owners of a substantial interest in the property. Arts. 7146 and 7319, V. C. S.; City of Corpus Christi v. State, 155 S. W. (2d) 824.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By          L. P. Lollar
Assistant

LPL/JCP

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL