SEBASTIAN INDEPENDENT SCHOOL
DISTRICT, Appellant,

v.

Ethel BALLENGER et vir, Appellees.

No. 13114.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 12, 1956.

Nielsen & McCormick, Raymondville, for appellant.

Kent, Brown & George, Harlingen, for appellees.

POPE, Justice.

Sebastian Independent School District sued Ethel Ballenger and husband for taxes upon certain real estate. Mrs. Ballenger defeated the suit on the defense that she did not own a taxable interest in the surface estate to the realty. In 1927, C. P. Barreda conveyed the property to Cameron County by an instrument which raised the question as to whether the property is taxable. The instrument is found in the footnote.[1] De-

---

1. "Know All Men By These Presents: That Whereas, the County of Cameron, a political subdivision of the State of Texas, has planned and is now engaged in

fendant Ethel Ballenger, about 1941, acquired by assignment from C. P. Barreda, the grantor to Cameron County, whatever

the construction of a system of flood control works to protect the counties of Cameron and Willacy from floods and overflows from the Rio Grande River, which works it proposes permanently to control and maintain for that purpose, a portion of which, known as its North Floodway, crosses the lands of the grantor and is to be used by the said County of Cameron solely for the control and carriage of excess flow from the Rio Grande in major floods; and

"Whereas, the grantor has agreed with the said County of Cameron upon a price for his lands necessary to be taken for the construction and maintenance of levees, embankments and other protection works on each side of said North Floodway, same to be conveyed separately from his lands taken by said floodway proper, (the latter being conveyed without monetary or other specific consideration) the grantor in both cases reserving certain limited rights to the use of the lands conveyed, etc:

"Now, Therefore, in consideration of the premises, the said grantor, C. P. Barreda, a resident of the County of Cameron, State of Texas, has granted, sold and conveyed, and by these presents does grant, sell and convey unto the County of Cameron, all and singular the following described premises, * * *. (Description omitted.)

"To Have And To Hold The said premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said County of Cameron, so long as the same shall be maintained and used by said County as a floodway for the carriage of the excess flow from the Rio Grande River in major floods and controlled by levees, embankments and other protection works on each side thereof, the whole constituting a portion of its said 'North Floodway.'

"This conveyance is made upon the following reservations, covenants and limitations, to-wit:

"1. The said County shall, at its own expense, and within a reasonable time hereafter, clear and grub the lands hereby conveyed and erect on each side thereof adequate levees, embankments or other protection works for the confinement and carriage of flood water in said North Floodway, and thereafter it shall maintain the same in good order and condition.

rights she owns. She contends, and the trial court concluded, that she owns no taxable interest in the surface estate. She ad-

"2. The grantor reserves the right of prospecting for oil and other minerals, of drilling wells and of extracting the oil and other minerals, at his expense and risk and for his benefit to the extent that same may be done without interference wih the use of premises by said County for the purposes for which same are hereby conveyed. This reservation shall operate in favor of the Roxana Petroleum Corporation, its successors and assigns, to the exent of the rights of that corporation under certain oil, gas and sulphur leases from grantor dated March 9, 1926, as amended by later agreement between them dated March 30, 1926.

"3. The grantor reserves the right, in the nature of a tenancy under the county, to make use of the premises, at his own risk and expense, for such grazing and agricultural purposes as shall not interfere with the use thereof by said county for the purposes for which same are hereby conveyed, and to take and appropriate the crops and pasturage thereon.

"4. The said county, after the initial clearing and grubbing (the grubbing to be at least ten inches below the surface soil), shall keep said premises so cleared and grubbed at its own expense; but whenever grantor conducts any farming operations thereon the necessary clearing and grubbing shall during that period, be done by him at his own risk and expense. Brush and wood removed in clearing and grubbing belong to the party doing the work.

"5. The rights herein reserved by the grantor are rights of user only and shall be held and enjoyed by grantor, his heirs and legal representatives, and those to whom he may specially assign the same.

"6. The said premises are hereby granted to the County of Cameron for a public purpose, and are received and to be held by said county as public property owned by it and not subject to taxation, unless and until the estate of the county thereto shall cease under the terms of this instrument.

"Whenever the County of Cameron shall cease to maintain its said North Floodway or to use the premises hereby conveyed, or any part thereof, as a portion of said North Floodway, this grant shall cease in its entirety or as to the part of said lands not used, as the case may be, and the grantor, his heirs or assigns, shall have full right of re-entry

mits, and the trial court correctly found, that she owns a taxable interest in the mineral estate.

The School District relies upon Article 7146 for its contention that defendant's property is taxable as real estate. Article 7146, Vernon's Annotated Civil Statutes, reads as follows:

"Real property for the purpose of taxation, shall be construed to include the land itself, whether laid out in town lots or otherwise, and all buildings, structures and improvements, or other fixtures of whatsoever kind thereon, and all the rights and privileges belonging or in any wise appertaining thereto, and all mines, minerals, quarries and fossils in and under the same."

If the deed conveyed only an easement to Cameron County, then the real property was taxable to the defendants. City of Corpus Christi v. State, Tex.Civ.App., 155 S.W.2d 824.

In construing the deed, we shall look to the whole instrument. Sun Oil Co. v. Burns, 125 Tex. 549, 84 S.W.2d 442. The granting and habendum clauses, in our opinion, convey a determinable fee to the surface, "so long as" the property is used for stated purposes. The opening recitals in the deed that the lands are to be used by the County "solely for the control and carriage of excess flow from the Rio Grande in major floods," conflict with the granting and habendum clauses as well as several other parts of the deed. The recitals would limit the grantee County to a single use, and yet the deed very clearly intends

to define the reserved uses of the grantor to "rights of user only" and "in the nature of a tenancy under the county," and for "grazing and agricultural purposes." If the grantor reserved only that and the grantee received only what the recitals declare, what happened to the rest of the surface estate and the many other conceivable surface uses? However, paragraph 6 of the deed manifests an unmistakeable intent that the grantor intended to part with all taxable interest and intended to convey to the County for a public purpose, all real estate which otherwise would be taxable. Under these circumstances, we give effect to the granting and habendum clauses, the intent manifested by paragraph six, and the canon of construction which would confer upon the grantee the greatest estate that the terms of the instrument will permit. Stevens v. Galveston, H. & S. A. Ry. Co., Tex. Com.App., 212 S.W. 639; Cartwright v. Trueblood, 90 Tex. 535, 39 S.W. 930, 931. When we do that, we conclude that the grantor conveyed the determinable fee. Whatever the grantor reserved, it was not a taxable interest in real estate under Article 7146.

The suit by the School District was for taxes upon real estate by force of assessments and levies made annually since 1941. Because defendant Ethel Ballenger did not own real estate, the court properly denied judgment for the School District. Whether defendant's use of the lands is taxable under Article 5248, Vernon's Ann.Civ. Stats., was not decided by the trial court. We find no assessment, levy or facts in this record which support a recovery for taxes by force of Article 5248.

The judgment is affirmed.

---

and possession for all purposes without legal proceedings of any kind. Otherwise than as above expressed, non-performance or breach of any of the foregoing covenants or provisions shall not operate a limitation on the estate con-

veyed; nor shall same be ground for forfeiture thereof by the judgment of any court, if the non-performance or breach may be compensated by the award of damages. * * * "