Charles J. RITTIMANN, Appellant,

v.

Theodore RITTIMANN, Appellee.

No. 13438.

Court of Civil Appeals of Texas.

San Antonio.

March 18, 1959.

Rehearing Denied April 15, 1959.

James C. Onion, San Antonio, for appellant.

Schweppe, Schweppe & Allison, San Antonio, for appellee.

BARROW, Justice.

This is a suit by appellee, Theodore Rittimann, against appellant, Charles J. Rittimann, seeking an injunction to restrain appellant from in any manner interfering with appellee's right to secure water from a well located on a tract of land owned by appellant, claiming such right of user under a deed from Charles Rittimann, Sr., and wife to appellee, and alleging that appellant's land was subject to an easement for such right of water user, as provided in the deed from said Charles Rittimann, Sr., and wife to appellant. Appellant answered and sought a declaratory judgment defining appellee's right to the use of such water under the terms of the deeds from Charles Rittimann, Sr., and wife to appellant and appellee, respectively. The trial court granted the injunction in favor of appellee and denied appellant's petition for a declaratory judgment construing the two deeds in question.

Appellant predicates this appeal upon two points: First, that the court erred in construing the deeds and denying the petition of appellant insofar as it relates to the water rights of appellee and appellant, in failing to require the appellee to comply with the clear terms of the deed as to such water rights and obtaining water directly from the well, by the proper means. Second, that the court erred in its judgment in granting more rights and privileges to appellee in connection with his water rights on the land of appellant than he is entitled to under the clear terms and provisions of the deeds.

Appellant and appellee are brothers. In October, 1934, their father and mother gave them deeds to tracts of land hereinafter called Tract "A" (appellant's land) and Tract "B" (appellee's land). In said deeds the father and mother retained life estates in themselves and in the survivor of the two. The father, Charles Rittimann, Sr., being the community survivor, died in the year 1952.

In the year 1916, a deep water well was drilled on what is now Tract A, to supply water for the entire farm, including Tract B. Sometime thereafter, a large storage tank or cistern was constructed on Tract A, about sixty or seventy feet from the well. A windmill was installed over the well for the purpose of bringing the water to the surface and it was then conveyed by pipe over to the storage tank. There is also a pump jack over said well, with a pulley attached for the purpose of using a tractor belonging to appellant, to pump water at times when there is not sufficient wind.

During the year 1924, appellant occupied a house on what it now Tract B, and at his own expense laid about 2,000 feet of pipe from his house and improvements and connected it with the water storage tank.

■ In the deed from Rittimann, Sr., to appellant, Charles J. Rittimann, the grantor made the following reservation or exception in favor of Tract B:

"This deed is made subject to the right and privilege this day conveyed to our son Theodor Rittimann as the owner of Tract 'B' of said subdivision, and to his heirs and assigns, to obtain water from the deep well upon the above described Tract 'A'; the right to the use of said water by said Theodor Rittimann and the heirs and assigns of said Tract 'B' being for any and all purposes needed on said Tract 'B', and the said Theodor Rittimann, his heirs and assigns, to have the right of ingress and egress to and from the water well upon Tract 'A' hereby conveyed, and the right to pump water therefrom, and the joint use by said Theodor Rittimann, his heirs and assigns, with the said Charles J. Rittimann, his heirs and assigns, of the well, well equipment and pumping machinery, and casing and well pipe. The cost of operating pumping machinery and equipment, and the cost of keeping same in order and fair condition of repair, and of replacing pumping

equipment, casing and well pipe to be fairly and proportionately distributed between the said Theodor Rittimann and Charles J. Rittimann, and the heirs and assigns of Tracts 'A' and 'B' of said subdivisions, respectively conveyed to them by deeds of even date herewith.

"But the said Theodor Rittimann and the heirs and assigns of said Tract 'B' shall never use more than one-half of the water supply of said well and pumping equipment, and the owner of said Tract 'B' is required to conduct the water used by him to said Tract 'B' by means of not more than two pipe lines, laid not more than three feet apart from said well to said Tract 'B'. Said pipe lines to be placed and maintained by said Theodor Rittimann, his heirs and assigns, below plow depth at their expense.

"The owner of said Tract 'B' to pay for any and all damage caused to the owner of Tract 'A' by reason of placing, replacing or repairing said pipe line or lines. Said pipe lines to be laid and maintained in a line substantially south 30° E. from said well to the north line of Tract 'B'. The ingress and egress to and from said well to be only by means of the road along the east and north lines of said Tract 'A' and from the north line of said Tract 'A' south to the said well along such road as may be used by the owner of said Tract 'A'."

The deed from Rittimann, Sr., to appellee, Theodore Rittimann, covering Tract "B" contains the same provisions with reference to the water rights in favor of Tract "B" as are contained in the deed to appellant, Charles J. Rittimann.

Since the death of Charles Rittimann, Sr., in 1952, appellant and appellee have come into possession of their respective rights. Appellee has continued to use the water pipe running from the storage tank down to his dwelling and other improvements, and near his dwelling house he has another storage tank for the purpose of storing water on his premises, however, the water going to his storage tank comes through the same pipe from the storage tank on Tract "A".

It appears fom the record that this water is somewhat brackish, and when it is first pumped into the storage tank it is of a distinct reddish color and must necessarily set for some time before it is usable.

Since their father's death, numerous disputes have arisen between the brothers as to their respective rights contained in the deeds in question.

The trial judge in granting the injunction decreed that by virtue of the provisions of said deeds, appellee, Theodore Rittimann, his heirs and assigns are entitled to the joint use with appellant, Charles J. Rittimann, his heirs and assigns, of the well, well equipment, pumping machinery, casing and well pipe and pipe line as they now exist, but if the use of the present pipe line is hereafter abandoned by Theodore Rittimann, his heirs and assigns, then the new pipe line is to be laid in accordance with the provisions of said deeds, "the same to be laid and maintained in a line substantially South 30° East from said well on Tract A to the North Line of Tract B, and not more than two pipe lines may be laid not more than three feet apart."

It is the contention of appellant that by the two deeds in question the right of appellee and his heirs and assigns is confined exclusively to the well itself and the pumping equipment to raise the water to the surface, and that the deeds require appellee to connect his pipe lines to the well and pumping equipment itself, and does not include the taking of water from the storage tank situated on Tract A.

On the other hand, it is appellee's contention that he has the right to use the pipe line as it now exists and to conduct the water directly from the storage tank located

on Tract A, rather than from the well itself.

We agree with appellant's contention. It is well settled that in construing a deed the court must view it from its four corners and each and every paragraph thereof must be construed together. City of Stamford v. King, Tex.Civ.App., 144 S.W.2d 923. In other words, the whole instrument must be looked to. Sebastian Independent School District v. Ballenger, Tex.Civ.App., 297 S.W.2d 238; City of Corpus Christi v. McCarver, Tex.Civ.App., 275 S.W.2d 194; Benge v. Scharbauer, 152 Tex. 447, 259 S.W.2d 166. In construing these instruments we find that the terms are as explicit as possible under the existing circumstances. The deed requires appellee, Theodore Rittimann, "to conduct the water used by him to said Tract 'B' by means of not more than two pipe lines, laid not more than three feet apart from said well to said Tract 'B'. Said pipe lines to be placed and maintained by said Theodor Rittiman, his heirs and assigns, below plow depth at their expense." The deed further provides: "Said pipe lines to be laid and maintained in a line substantially south 30° E. from said well to the north line of Tract 'B'." Said instrument also gives appellee the right to obtain water from said well and the right to pump water therefrom, and provides that the "cost of operating pumping machinery and equipment, and the cost of keeping same in order and fair condition of repair, and of replacing pumping equipment, casing and well pipe to be fairly and proportionately distributed between the said Theodor Rittimann and Charles J. Rittimann, and the heirs and assigns of Tracts 'A' and 'B'." Thus it is apparent that the storage tank and cistern are nowhere mentioned in said deeds, nor is the present pipe line mentioned. The deeds expressly provide for the placing and maintenance of "not more than two pipe lines" by appellee at a different location from the present pipe line.

We do not believe there can be any doubt as to the grantor's intention with reference to this reservation of the easement in appellant's land. If there would be any doubt as to the grantor's intention the deed should be construed so as confer upon the grantee the greatest estate that the terms of the instrument will permit, and the deed should be construed more favorably to the grantee against whose estate the reservation is made. Hedeck v. Lone Star Steel Co., Tex. Civ.App., 277 S.W.2d 925, error refused, n. r. e.; Alexander v. Byrd, Tex.Civ.App., 114 S.W.2d 915, error refused; 14–B, Tex. Jur., Deeds, § 133.

It is apparent from the trial court's judgment that he construed the deed as requiring appellee to connect his pipe lines directly to the well, upon the course provided in the deed, but we think the court was in error in declaring that appellee should be permitted to maintain his pipe in the present location and secure water from appellant's storage tank until such time as this pipe line is abandoned and a new line laid.

The judgment of the trial court is reversed and judgment here rendered that appellee, Theodore Rittimann, must at his cost and expense lay the water pipe or pipes directly to the well and connect same with the well pipe. That the pipe or pipes must be laid below plow depth upon the course called for in said deeds. That in connecting his water pipe or pipes to the well pipe, appellee must attach such valves or cutoffs so that in the use of the pumping equipment water may be pumped both to appellant's water storage tank and to appellee's water system. That these valves or cutoffs must be operated so that appellee may get his proportionate share of the water but not in excess thereof. Appellee shall have the right to use the pumping machinery and equipment for the purpose of procuring his water supply. For the purpose aforesaid, appellee shall have the right of ingress and egress. Appellee is given sixty days within which to make such water connections in accordance with the judgment of this Court, and during that time he may secure water in reasonable quantities from appellant's water tank and through the

present existing pipes; but thereafter he shall have no right to the use of either on appellant's premises.

Both parties are enjoined from in any manner interfering with the rights of the other party in securing his water supply under the terms of said deeds.

Reversed and rendered.