

# The Attorney General of Texas

December 3, 1981

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Stephen Davidchik
Grayson County Attorney
Third Floor, Courthouse
Sherman, Texas   75090

Opinion No. MW-402

Re: Taxation of mineral interests

Dear Mr. Davidchik:

The Choctaw Watershed Improvement District was created by an act of the legislature and empowered to levy and collect an ad valorem tax pursuant to article XVI, section 59 of the Texas Constitution. See Acts 1959, 56th Leg., ch. 33, at 67. You write:

> In 1960, the Choctaw Watershed Improvement District was formed in Grayson County by the enactment of ... Acts 1959, 56th Leg., p. 67, ch. 33. An ad valorem tax has been charged on the surface land that is within this designated district; but in the past twenty years there has been no tax applied to the producing mineral interests involved within this district. An opinion is desired on whether the watershed tax is due on the producing mineral interest for present and past years.

A "producing mineral interest," as we understand the use of the term in your letter, means a mineral interest such as an oil or gas lease, a royalty interest therein, or a mineral estate in fee, from which mineral production is obtained -- all representing minerals in place. Minerals in place (and interests therein) are real property. See State v. Quintana Petroleum Company, 133 S.W.2d 112 (Tex. 1939). The term does not include oil or other minerals after they have been extracted from the soil and reduced to possession. Property of the latter type is tangible personalty, not realty. See Sabine Production Company v. Frost National Bank, 596 S.W.2d 271 (Tex. Civ. App. - Corpus Christi 1980, no writ); 38 Tex. Jur. 2d Mines and Minerals §2, at 704; 42 Tex. Jur. 2d Oil and Gas §7, at 29.

In 1979, the legislature enacted the first title of a new tax code, but until the new code takes full effect next year, a number of older tax laws remain applicable. Generally, the code is to take effect January 1, 1982, but some parts have already become effective.

See Acts 1979, 66th Leg., R.S., ch. 841, §3, at 2313. Among the provisions which have already taken effect are section 11.01 and (to the extent necessary to apply section 11.01) section 1.04 of the 1979 Property Tax Code. Section 11.01 declares that all real and tangible personal property that this state has jurisdiction to tax is taxable unless exempt by law. See also Tex. Const. VIII, §1 ("All real property and tangible personal property... shall be taxed...."). Section 1.04 declares "real property" to mean, among other things, "a mineral in place."

Inasmuch as all mineral interests, producing or non-producing, are real property, and inasmuch as all real property and tangible personal property must be taxed unless it has been legally exempted under the constitution, the fact that a mineral interest is "producing" is not determinative of its status as taxable property, although it will ordinarily have some bearing on the ease with which its taxable value can be determined. See Property Tax Code §23.17 (appraisals of mineral interests not being produced). Similarly, the value of a mineral interest is subject to tax whether the interest has been severed from the surface estate or is still owned by the owner of the surface. As noted in Erskine, Ad Valorem Taxation of Mineral Property, 21 Baylor Law Review 46, 52 (1969):

> Ordinarily realty in Texas is taxed as a unit and the owner of both mineral and surface estates pays but a single tax based upon the aggregate value of both, but where the owner severs the minerals from the remainder of the land by conveyance, exception, or reservation, two distinct estates are created, and each is subject to separate taxation. Where there have been severances of estates by conveyance, exception, or reservation, so that one portion of the realty belongs to one person and other portions to others, each owner should pay taxes under proper assessment against him on the portion owned by him; the fact that a portion may consist of a fractional interest in the minerals makes no difference.

Consequently, we advise you that the watershed improvement district tax is due for the current year on the value of all producing mineral interests (as well as all non-producing mineral interests) in lands not excluded from the boundaries of the district. See Sheffield v. Hogg, 77 S.W.2d 1021 (Tex. 1934); State v. Downman, 134 S.W. 787 (Tex. Civ. App. – 1911, writ ref'd), aff'd 231 U.S. 353 (1913).

Whether producing or not, and whether severed from the surface or not, mineral interests have been taxable as real property for all

the years the Choctaw Watershed Improvement District has been in existence. See V.T.C.S. arts. 7145, 7146 (repealed by the 1979 Property Tax Code, Acts 1979, 66th Leg., R.S., ch. 841, §§6(a)(1), 6(d), at 2329, 2330); Sheffield v. Hogg, supra; State v. Downman, supra. Until the new tax code takes effect January 1, 1982, any real property discovered to have "not been assessed or rendered for taxation for any year since 1870" should be listed and assessed for those years by the assessor of taxes. V.T.C.S. art. 7207. See also V.T.C.S. arts. 7208, 7346. When the new code becomes effective, the period for which back taxes on real property may be assessed will be statutorily limited to ten years. Property Tax Code §25.21. But see Tex. Const. art. III, §55. Cf. Republic Insurance Company v. Highland Park Independent School District, 171 S.W.2d 342 (Tex. 1943) (personal property back assessments).

In the absence of fraud or illegality back taxes against real property can be assessed only against property that was not assessed or rendered in a prior year. See Property Tax Code §25.21; V.T.C.S. art. 7207 (repealed by the 1979 Property Tax Code); Yamani v. Gentle, 488 S.W.2d 839 (Tex. Civ. App. - Dallas 1972, writ ref'd n.r.e.); Attorney General Opinion C-781 (1966). If property has been assessed or rendered for taxation in prior years, it cannot be back-taxed for those years even if the assessment or rendition failed to take into account all factors that should have contributed to the valuation of the land (such as minerals in place). Back taxes cannot be assessed for those years because the assessment of the land necessarily included an assessment of the mineral estate unless the mineral estate and the surface had been previously severed. Humble Oil & Refining Company v. State, 3 S.W.2d 559 (Tex. Civ. App. - Waco 1927, writ ref'd). See Victory v. Hinson, 102 S.W.2d 194 (Tex. 1937). Cf. Property Tax Code §24.12 (omitted intangible value of transportation operations). See also Erskine, supra.

We therefore advise you that the watershed improvement district tax is to be assessed and collected for prior years on the value of producing or non-producing mineral interests that escaped taxation in those years. A mineral interest will not be considered as having escaped taxation for the year, however, if (1) it had not been severed from the surface estate prior to January 1 of that year, and (2) the surface estate was rendered or assessed for that year.

## S U M M A R Y

The Choctaw Watershed Improvement District tax is to be assessed and collected for the current year on the value of producing and non-producing mineral estates, whether severed from the surface or not, located within the district. Back taxes are to be assessed and

collected for prior years on the value of all producing and non-producing mineral estates that escaped taxation in prior years. A mineral interest will not be considered as having escaped taxation for the year, however, if (1) it had not been severed from the surface estate prior to January 1 of that year, and (2) the surface estate was rendered or assessed for that year.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Jim Moellinger
Bruce Youngblood