## STATE v. COUTS' ESTATE.

(Court of Civil Appeals of Texas. Ft. Worth. June 22, 1912.)

TAXATION (§ 494*)—VALUATION—DETERMINATION OF VALUE—RES JUDICATA.

Whether property assessed for taxation has been undervalued cannot be determined by the courts; the action of the assessor and the commissioners' court being res judicata.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 884–888; Dec. Dig. § 494.*]

Appeal from District Court, Parker County; J. W. Patterson, Judge.

Action by the State against J. R. Couts' estate to recover taxes on property alleged to have been omitted. Judgment for defendant, and plaintiff appeals. Affirmed.

Bernard Martin, of Weatherford, and Bryan & Spoonts, of Ft. Worth, for appellant. Stephens & Miller, of Ft. Worth, for appellee.

DUNKLIN, J. The county attorney of Parker county instituted this suit in the name of the state of Texas to recover of I. W. Stephens and G. A. Holland, as trustees and executors of the estate of J. R. Couts, deceased, certain taxes alleged to be due the state and Parker county for the year 1907 on money, notes, and credits belonging to said estate as shown by an assessment made by the tax assessor in 1910 supplemental to

the original assessment made by him in 1907. Upon the trial the proof was uncontroverted that defendants had paid all taxes originally assessed against them for the year 1907; but plaintiff insisted that certain money, notes, and credits were omitted from that assessment. This contention was the only disputed issue upon the trial. Substantially the same questions of law are involved in this suit as in the companion case of State of Texas v. Mutual Building & Loan Ass'n (no opinion filed), this day decided by this court. The case was tried by the court without the aid of a jury. The trial court's conclusions of fact and law appear in the record, and, as we have found them correct, we hereby adopt them as the conclusions of this court and affirm the judgment. State of Texas v. Mutual Building & Loan Ass'n, supra.

The conclusions are as follows:

"I find that the property claimed by plaintiff to have been unrendered for the time mentioned in plaintiff's petition was not in fact unrendered, but that the same was rendered for taxation to the assessor of Parker county, Tex., for the years mentioned in said petition, and that after the same was so rendered and carried on the rolls and said rolls completed as the law requires the same were submitted to the commissioners' court of Parker county, and the same was duly approved by said court and the rendition and assessment made by the defendant of· its property for the years mentioned was duly approved.

"I make no further finding of facts for the reason that the request of the plaintiff was only for a finding upon the issue covered above, and, there being no conflict in the evidence on the other issues and the parties being desirous to take out a statement of facts, I deem it unnecessary to make further finding of facts.

"I make no finding as to whether or not there was an undervaluation of the property for the reason that the action of the assessor and the commissioners' court, as above set out, is res adjudicata on the question of valuation.

"Conclusions of law:

"As the property claimed by plaintiff to have been unrendered for the year mentioned in plaintiff's petition was in fact rendered for taxation by the defendant for said year, the plaintiff cannot recover, and judgment should be for defendant, as the only question that this court can inquire into was as to whether or not the property alleged to have been unrendered for taxation was in fact unrendered, and, as to whether or not the property was undervalued, this court has no right to inquire, as the action of the assessor and the commissioners' court, set out in conclusions of fact, is res adjudicata."

Affirmed.