Consequently, the judgment of the trial court is reversed and bail is granted in the sum of $7,500.00.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

## SANDERS v. AETNA LIFE INS. CO.
### No. 11864.

Court of Civil Appeals of Texas. Galveston.
March 27, 1947.

Rehearing Denied April 24, 1947.

Otis Scruggs, Jr., of Houston, for appellant.

Fouts, Amerman & Moore, of Houston (Joseph W. Moore, of Houston, of counsel), for appellee.

MONTEITH, Chief Justice.

This action was brought by appellant, Earl Sanders, for the recovery from Aetna Life Insurance Company of disability benefits claimed to have been due him under a certificate of group insurance is-

sued to him while he was employed by the Humble Oil & Refining Company at its refinery in Harris County, Texas.

In its answer appellee alleged that appellant was not entitled to recover under the policy sued on for the reason that he was not totally and permanently disabled within the terms of the certificate of insurance issued to him and that, in the event he was entitled to recover, his recovery was limited under the terms of said policy to 12 monthly payments because of his failure to give proof to the Insurance Company of his continued disability.

In answer to special issues submitted, a jury found in substance that appellant was totally and permanently disabled as a result of an injury sustained by him on October 3, 1943.

The trial court overruled appellant's motion for judgment and rendered judgment that he recover from appellee the sum of $140, with interest in the sum of $6.20 and penalties in the sum of $16.80. The trial court found $150 to be a reasonable fee for the services rendered by appellant's attorney.

Appellant began his employment with the Humble Oil & Refining Company on September 15, 1942, and, as such employee, was issued a certificate of insurance under a group policy insuring his life in the sum of $2,000 and providing for the payment of certain benefits in the event he became permanently and totally disabled.

It is undisputed in the record that written proof of appellant's disability was furnished the home office of defendant insurance company on or about April 11, 1945, and that the claim was denied by the insurance company. No proof of his continued disability was submitted to the insurance company by appellant. The trial court found, on undisputed evidence, in the judgment rendered, that the policy of insurance sued on obligated the defendant insurance company to begin payments to the injured employee of $10 per month for each $1,000 of insurance in force when such disability commenced within six months after the receipt of proof of disability and that,

since such proof of disability was furnished on or about April 15, 1945, appellant was entitled to monthly payments under said policy of $20 per month, beginning on October 11, 1945, and that because of appellant's failure to furnish the insurance company with proof of the continuance of his permanent and total disability the policy terminated 31 days after October 15, 1946, and that appellant was entitled to recover thereunder only the sum $20 per month for a period of seven months, a total of $140, with interest and penalties as provided for in the judgment rendered.

Appellee has filed a motion for the dismissal of this appeal for lack of jurisdiction of this court for the alleged reason that no notice of appeal was given by appellant and that the bond or affidavit in lieu thereof was not timely made or filed.

On November 14, 1946, appellant filed an affidavit in lieu of cost bond with the clerk of the district court in which the case was tried, which, omitting formal parts, reads: "Earl Sanders, plaintiff in the above entitled and numbered cause, pending in the 61st Judicial District Court of Harris County, Texas, being duly sworn, says that at a regular term of said Court, to-wit, on the fourth day of November, 1946, the court entered an order overruling plaintiff's motion for judgment and entered judgment on motion of the defendant, Aetna Life Insurance Company, from which action and judgment of the Honorable 61st Judicial District Court of Harris County, Texas, he desires to prosecute an appeal to the Honorable Court of Civil Appeals for the First Supreme Judicial District, at Galveston, Texas, but that he is unable to pay the costs of appeal, or any part thereof, or to give security therefor."

Rule 353, Texas Rules of Civil Procedure, which governs notice of appeal, provides that: "(a) An appeal, when allowed by law, may be taken by notice of appeal (1) in open court, noted on the docket, or embodied in the judgment, order overruling motion for new trial, or other minutes of the court, or (2) filed with the clerk; such notice to be given or filed within 10

days after the judgment or order overruling motion for new trial is rendered.

"(b) Such notice, when filed with the clerk, shall be sufficient if it state the number and style of the case, the court in which pending, and that appellant desires to appeal from the judgment, or from designated portions thereof."

The judgment in this case was filed with the district clerk on November 14, 1946, and appellant's motion for judgment was refused on the same date. Appellee's motion for a new trial was overruled on December 2, 1946.

The record does not show that any exception was taken to the action of the trial court in refusing to enter the judgment submitted by appellant, or that any notice of appeal was given by appellant in open court, or that such notice was noted on the trial court's docket, or embodied in the judgment rendered by the court, or order overruling motion for new trial.

While we have been cited to no decisions by the courts of this State involving the question here presented and have found none, our courts have uniformly held that the right of a litigant to appeal is constitutional, and that it should not be defeated on a doubtful or technical construction of statutes or rules, and that where doubt exists as to their meaning, the same should be so resolved as to sustain rather than defeat an appeal. Federal Underwriters Exchange, et al. v. Bailey, et al., Tex.Civ.App., 175 S.W.2d 618; W. C. Turnbow Petroleum Corp. v. Fulton, Tex. Sup., 194 S.W.2d 256.

While the proceeding is irregular, the notice of appeal given in appellant's affidavit in lieu of a cost bond contained the material requirements of a notice of appeal set forth in said Rule 353 where such notice of appeal is given or filed with the clerk of the court in which the case was tried, in that it stated the number and style of the case, the court in which it was tried, and the fact that appellant desired to appeal from the judgment. The notice of appeal contained in affidavit in lieu of a bond was filed within the 10 day period and contains all the material requirements for a notice of appeal embodied in said Rule 353.

Appellee contends that appellant failed to establish payment of premiums on the policy, or that proof of disability was furnished the Insurance Company within one year after the cessation of the payment of any premium, as required by the policy.

This contention cannot, we think, be sustained. The jury found, on what we deem to be sufficient evidence, that Earl Sanders was totally disabled while in the service of the Humble Oil & Refining Company. It is undisputed that at the time of his injury he was in the service of the Oil Company, and it is to be presumed that the policy was in full force and effect at that time, since there was no allegation to the contrary on the part of appellee.

The judgment rendered in favor of appellant was the sum of $20 per month for a period of 7 months. The policy of insurance in question provided that the insurance would be extended during the continuation of permanent and total disability for a period of one year after proof of disability without the payment of additional premiums, and for further periods of one year during the continuance of such disability, provided proof of its continuance was submitted to the home office of the Insurance Company within three months preceding each such year. The judgment rendered did not include judgment for disability subsequent to the first year.

Under these undisputed facts the judgment rendered was, we think, in accord with the terms of said certificate of insurance. The judgment of the trial court will be in all things affirmed.

Affirmed.