George O. YAMINI, Appellant,

v.

Ben GENTLE, Dallas County Tax Collector, Appellee.

No. 17975.

Court of Civil Appeals of Texas, Dallas.

Nov. 30, 1972.

Rehearing Denied Dec. 21, 1972.

David A. Newsom, Green, Gilmore, Crutcher, Rothpletz & Burke, Dallas, for appellant.

Henry Wade, Dist. Atty., Gerald Weatherly, Asst. Dist. Atty., Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

The primary question presented by this appeal is the validity *vel non* of an assessment by the Board of Equalization of Dallas County in 1969 of ad valorem taxes on real property which had been previously assessed by the same board in 1968 at a lesser valuation.

George O. Yamini brought this action against Ben Gentle, Dallas County Tax Collector-Assessor, seeking a declaratory judgment that he be declared not liable for additional 1968 ad valorem taxes which had been assessed in 1969 by the taxing authority. The assessor-collector filed a counterclaim for the taxes due under the assessment in question. By trial amendment the taxing official specifically pleaded that Yamini was guilty of material fraud in allowing the Dallas County Board of Equalization to approve the 1968 assessed valuation of said property. Trial was had before the court, without a jury, and judgment was rendered denying Yamini declaratory relief and awarding the taxing authority the taxes sued for based upon the 1969 assessment.

The trial court filed original amended findings of fact and conclusions of law. The court expressly found facts as stipulated by the parties and concluded that the 1969 additional assessment by the Board of Equalization was valid. The court also found and concluded that Yamini was guilty of material fraud in connection with his payment of the 1968 taxes and in allowing the Dallas County Board of Equalization to approve the 1968 assessed valuation of said property.

We summarize the material facts which were stipulated by the parties: On January 1, 1968 appellant Yamini was the fee simple owner of six parcels of land in Dallas County. On that date there were partially completed improvements on the land in question. Yamini did not render said property, or any part thereof, for taxation, to the tax assessor-collector of Dallas County for the year 1968. Accordingly, such taxing authority duly assessed said six parcels of land on his 1968 tax roll. The Dallas County Tax Roll each year, including 1968, is made up on an Addressograph machine in the tax office and once an item of property is entered thereon it is impracticable for the taxing authority and his deputies to delete or change, on such tax roll, such item of property thus already entered thereon. The making up of the 1968 tax roll of said county, on said machine, was begun May 23, 1968, and all six parcels of real estate had, on July 18, 1968, long since been entered on said roll, then being made up on said machine. On July 18, 1968 the tax assessor-collector's deputies discovered from the records of building permits issued by the City of Dallas that Yamini was building on said six tracts a building, of the stated total value of $275,000, and that such building was fifty per cent complete on January 1, 1968, and then valued at $105,660. Accordingly, on July 18, 1968, "because it was impracticable" to change on said 1968 tax roll, then in the course of being made up on said Addressograph machine, the entries of said six parcels of realty, the tax assessor-collector, by his deputy, prepared a statement called a collector's supplemental tax statement, which was shortly thereafter mailed to Yamini. This statement, in the nature of a form letter, notified Yamini of the increase in valuation and advising him to contact the tax assessor-collector for additional information if desired. On August 19, 1968 the Board of Equalization properly approved, as the 1968 tax roll, the tax assessor-collector's 1968 tax list which included the approval of the initial assessment and valuation of the real property in question. When this approval was made the collector's supplemental tax statement,

with its reflection of increased valuation of six parcels of land due to improvement, was not included in such tax roll. In October, 1968 appellee mailed to appellant six 1968 tax statements prepared pursuant to the 1968 approved tax roll. Appellee also mailed appellant a supplemental tax bill pursuant to the unapproved 1968 supplemental assessment list. Appellant paid the six 1968 approved tax statements but did not pay the collector's supplemental statement. On August 21, 1969 the tax assessor-collector presented a 1968 supplemental assessment list to the 1969 Board of Equalization which approved same as part of the 1969 tax roll. Thereafter, during the month of October, 1969, appellee sent appellant a tax statement for taxes due for 1968 on the improvements, said statement marked "1969 taxes only" and "Back assessed—1968". Appellant did not pay this statement but brought the action for declaratory judgment seeking to have the 1969 assessment declared void.

In two points of error appellant Yamini charges that the court erred (1) in holding that there was a valid assessment in 1969 of additional 1968 ad valorem taxes due on the real property in question, and (2) that it was error to hold that appellant was guilty of material fraud that would validate the 1969 assessment of additional 1968 taxes.

Under his first point of error appellant argues that the assessment of the Board of Equalization in 1969 for additional 1968 taxes due on the real property in question is invalid because: (1) the real property was duly assessed in 1968 and the taxes pursuant to such assessment were paid by appellant thereby making the action of the Board of Equalization in 1968 final so that appellee and the Board of Equalization cannot in 1969 reassess for additional taxes because the valid 1968 assessment was based on an under valuation; (2) appellee did not list the increase in valuation of the subject property in accordance with law because same was listed on the 1968 supplemental tax roll when said property already appeared on the regular 1968 tax roll; and (3) the applicable statutes do not allow any reassessment in 1969 on property which was duly assessed from 1968 and said taxes paid.

We think that the applicable statutes and authorities support appellant's contentions and we therefore sustain his first point.

■ Considering appellant's three contentions under his first point of error in inverse order we observe that the authority of the assessor of taxes to render assessment of real property for previous years is found in Vernon's Tex.Rev.Civ.Stat.Ann. art. 7207. * By the specific terms of this statute if the assessor of taxes shall discover in his county any real property "which has not been assessed or rendered for taxation for any year since 1870", he shall list and assess the same for each year for which it has not been assessed. Thus it is evident that the condition precedent for the action of the assessor in making such back assessment is the fact that such property had not been assessed for the prior years. To like effect are arts. 7299, 7338 and 7346. In each of these statutes authority for tax assessment is predicated upon the finding that such property "has not been assessed or rendered for taxation" for prior years. Under the stipulation of the parties made in this case it is evident that none of these statutes is applicable for the simple reason that the real property in question had been assessed in due form on the 1968 tax rolls. Moreover, art. 7209 specifically provides that a supplemental tax roll shall be delivered to the commissioners court (acting as board of equalization) and same shall be examined and approved by the commissioners court. The parties agree that such was not done by the assessor of taxes in the year 1968.

■ The authorities are uniform in holding that the action on the part of the

---

* All citations to statutes refer to Vernon's Texas Revised Civil Statutes Annotated.

Board of Equalization in 1968 in duly approving the assessment of the subject real property constitutes a valid assessment which cannot be subsequently changed or modified by another reassessment for additional taxes in the absence of fraud or such illegality as to render the initial assessment void. Republic Insurance Co. v. Highland Park Independent School Dist. of Dallas County, 57 S.W.2d 627 (Tex. Civ.App., El Paso 1933, writ ref'd, dism'd); State v. Mallet Land & Cattle Co., 126 Tex. 392, 88 S.W.2d 471 (1935); State v. Houser, 138 Tex. 28, 156 S.W.2d 968 (1941); State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569 (1954); State v. Chicago, R. I. & G. Ry Co., 263 S.W. 249 (Comm'n App.1924, jdgmt. adopted); and Tex.Att'y Gen.Op.No. C–781 (1966).

Attorney for appellee, in oral argument before this court, candidly concedes that the authorities cited establish the validity and finality of the 1968 assessment but contends that the court's judgment should be affirmed because of the finding of material fraud on the part of appellant which would negate the effectiveness of such assessment.

Accordingly, we turn our attention now to appellant's second point which attacks the trial court's finding that appellant was guilty of material fraud. The court found that the following facts, and combination thereof, constituted material fraud on the part of appellant: (1) that he failed to render his property for taxation so that the taxing authorities were required to assess such property as unrendered property; (2) that appellant at all material times knew that he was building on the property; (3) appellant knew that said building would materially increase his ad valorem taxes on said property; (4) that appellant received tax bills from the taxing authority, including the increased bill entitled "Supplemental Tax Statement"; (4a) appellant received the letter from the taxing authority dated July 18, 1968 advising him of the increased valuation; (5) that appellant paid the tax bills submitted on the bare land; (6) that appellant paid the sum of $87.91; (7) that appellant knew that the bare land taxes on the lots were too low; and (8) appellant had discovered that the Board of Equalization failed to approve until 1969 said collector's supplemental tax statement, and on this ground he seeks to defeat his tax bill on his half completed building which he did not report to the assessing authorities but which such authorities did discover timely and called to appellant's attention in July, 1968.

The question thus presented is whether the facts thus found by the court are sufficient to support the conclusion of law that appellant was guilty of material fraud. Based upon careful consideration of the stipulated facts in the light of the applicable authorities we have reached the conclusion that the trial court erred in concluding that such facts did constitute material fraud.

Bearing in mind that the only fraud charged is in "allowing the Dallas County Board of Equalization to approve the assessed valuation of said lots" and that such action on the part of the Board of Equalization occurred on August 19, 1968 it becomes important to view and analyze the facts that occurred prior to that date. While it is true that appellant did not assess his property for taxation such property was assessed by the assessor-collector pursuant to authority vested in him by art. 7193. It is also true that at the time of the assessment appellant Yamini knew that there was a partially completed building located on the land in question and that the value of such would increase his ad valorem taxes. It is true that the tax assessor-collector discovered such improvements, and the value thereof, and rendered a supplemental tax statement covering the increased valuation of the property at a time prior to the material date, August 19, 1968. Following the discovery by the tax assessor-collector of the improvements on the questioned property a form letter concerning such increased valuation was for-

warded to appellant and received by him prior to August 19, 1968. However, an examination of the letter reveals nothing more than information concerning the increased valuation and the statement that if there was any additional information the taxpayer needs to know that he should call the tax assessor at his earliest convenience. The significant fact remains that prior to August 19, 1968 appellee tax assessor-collector had in his possession sufficient information concerning increased valuation of the property and did not include such increased assessment in the tax roll for 1968 submitted to the Board of Equalization for approval. The only excuse given for the failure on the part of appellee to do this was that it would be impracticable for the assessor and his deputies to change the items on the tax roll which had already been prepared on an Addressograph machine. It is also significant to observe that there are no allegations or proof that appellant Yamini did anything or failed to do anything which would cause the assessor-collector not to include the increased valuation in the 1968 tax rolls to be submitted to the Board of Equalization for approval on August 19, 1968. There is no evidence that appellant had any control over the mechanical procedures utilized by the tax assessor-collector in preparing the final 1968 tax roll to be submitted to the Board of Equalization. Prior to August 19, 1968 appellant knew that appellee assessor-collector had full knowledge of the improvements located on his property and had the right to assume that such officer would perform his duty by placing the increased tax assessment into the 1968 rolls prior to the time they were submitted to the Board of Equalization.

■ Appellee correctly states that the courts of our state have declared that the word "fraud" is not exactly definable but is an elusive term. It is said that fraud is so multiform as to admit to no rules or definitions and that equity leaves the way open to punish frauds and to redress wrongs perpetrated by means of fraud in whatever form it may appear. 25 Tex. Jur.2d Fraud and Deceit § 1, pp. 613–614. A concise statement of the rule relied upon by appellee is found in Restatement, Torts § 871, subsection e:

"A person is fraudulent if he intentionally causes another to act or refrain from acting by means of intentionally false or misleading conduct or by his intentional concealment of facts or by his intentional failure to disclose a fact which he has a duty to reveal to the other."

Is there any evidence in this record that Yamini intentionally caused the assessor-collector to refrain from placing the supplemental 1968 tax roll before the Board of Equalization in August, 1968? We find none. To the contrary, appellee concedes by stipulation that his failure to properly present the supplemental tax information to the Board of Equalization was the result of his own acts and conduct in failing to place the information in the Addressograph machine which was under his exclusive control. Nor do we find any evidence in this record of intentional false or misleading conduct or intentional concealment of facts by Yamini which were relied upon by appellee to his detriment. In July, 1968 appellee assessor-collector had in his possession the same information concerning the valuation of the subject property as did Yamini. The two were on an equal basis as far as possession of essential information is concerned.

■ This leads us to the question of whether or not Yamini's admitted failure to render the property for taxation purposes in 1968 constituted such fraud as to invalidate the action of the 1968 Board of Equalization. While it is true that art. 7152 ¶ (1) provides that the owner of property shall list all of his real estate for taxable rendition, it is likewise true that art. 7193 imposes a similar duty upon the assessor-collector. He is charged with the duty of ascertaining the amount and value of taxable property and to assess the same

in the event the owner fails to do so. Such assessment so made shall be as valid and binding as if such property had been rendered by the proper owner thereof. See Greyhound Lines, Inc. v. Board of Equalization, 419 S.W.2d 345 (Tex.Sup., 1967); Weinberg v. Molder, 312 S.W.2d 393 (Tex.Civ.App., Waco 1958, writ ref'd n.r.e.); and Victory v. Hinson, 129 Tex. 30, 102 S.W.2d 194 (1937). Appellee has cited no authority in support of his contention that the mere failure on the part of the appellant to comply with the statute concerning rendition of his own property constitutes actionable fraud and we have been unable to find any cases supporting that theory. On the contrary, the courts have held that the taxpayer suffers no adverse effect for failing to render his property and he is even not estopped from claiming that failure to properly identify property precluded judgment of foreclosure of tax liens. Combs v. City of Port Arthur, 437 S.W.2d 400 (Tex.Civ.App., Beaumont 1969, writ ref'd n.r.e.). We conclude that the failure on the part of appellant to render his real property for assessment in 1968 is not evidence to support a finding of material fraud.

There being no evidence to support the trial court's findings and conclusions concerning material fraud committed by Yamini the trial court's judgment must be reversed. Since the case appears to have been fully developed we here render the judgment which should have been rendered by the trial court.

The 1968 tax assessment by the Board of Equalization of Dallas County covering the real property in controversy owned by Yamini is declared to be valid and final. The act on the part of the Board of Equalization of Dallas County in 1969 in reassessing appellant's real property is declared invalid and of no force and effect. Appellee's prayer for relief against appellant for increased tax assessments for 1968 is denied.

Reversed and rendered.