**EL PASO CENTRAL APPRAISAL DISTRICT and the Appraisal Review Board of El Paso County, Appellants,**

v.

**MONTROSE PARTNERS, Appellee.**

No. 08–87–00199–CV.

Court of Appeals of Texas, El Paso.

July 6, 1988.

Rehearing Denied Aug. 3, 1988.

Willis Lee Berrier, El Paso, for appellants.

Kurt Paxson, Grambling & Mounce, El Paso, for appellee.

Before OSBORN, C.J., and SCHULTE and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a summary judgment in favor of plaintiff property owners against the El Paso Central Appraisal District and the Appraisal Review Board of El Paso County. We reverse and remand.

Appellants did not file a cost bond (Rule 40, T.R.A.P.). A motion to dismiss for want of jurisdiction was made on the grounds that Appellants were not entities exempt from doing so under Section 42.28 of the Tex.Tax Code Ann. (Vernon Supp. 1988). The motion is denied under the authority of *Dallas County Appraisal District, et al. v. Institute for Aerobics Research*, 751 S.W.2d 860 (1988). When a governmental entity is exempt from filing an appeal bond, its governmental board is also exempt.

A swimming pool was erroneously included and a building surrounded by pavement was incorrectly excluded from certain realty in the appraisal records for 1982 through 1985. The Appraisal District corrected the records, appraised the improvements as of January 1st of each of the four years omitted, and entered the supplemental values on the appraisal records. The Appraisal District then notified the property owners of their action. The Appraisal Review Board then gave hearing to the property owners' protest, proclaimed the improvements had escaped taxation, and approved the supplemental appraisal records.

Section 25.02, Tex.Tax Code Ann. (Vernon 1982) provides in part:

(a) The appraisal records shall be in the form prescribed by the State Property Tax Board and shall include:

(2) real property;

(6) the appraised value of improvements to land;

Section 1.04 of said Code provides:

(2) "Real property" means:

(A) land;

(B) an improvement;

(3) "Improvement" means:

(A) a building, structure, fixture, or fence erected on or affixed to land;

Section 25.21 provides:

(a) If the chief appraiser discovers that real property was not taxed in any one of the 10 preceding years or that personal property was not taxed in one of the two preceding years, he shall appraise the property as of January 1 of each year that it escaped taxation and enter the property and its appraised value in the appraisal records.

(b) The entry shall show the appraisal is for property that escaped taxation in a prior year and shall indicate the year and the appraised value for each year.

Section 25.23 provides:

(a) After submission of appraisal records, the chief appraiser shall prepare supplemental appraisal records listing each taxable property he discovers that is not included in the records already submitted, including property that escaped taxation in a prior year.

Plaintiffs contend the *appraised value* of improvements were taxed and therefore this item was not omitted from taxation, merely incorrectly assessed. They cite *Yamini v. Gentle*, 488 S.W.2d 839 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.), interpreting the repealed anteceded taxing Articles 7207, 7299, 7338, 7346, Tex. Rev.Civ.Stat.Ann., which prevented reassessment for additional taxes. Although prior law is given consideration in ascertaining legislative intent, it is also looked to for defects sought to be remedied by the new statutes. Section 311.023, Tex.Gov't. Code Ann. (Vernon 1988).

It is not the appraised value that is the object of taxation. Appraised value is the numerical figure utilized in calculating the tax upon an improvement subject to taxation. Section 25.02, of the Tax Code, merely sets forth the form or manner of recording taxable entities. Notwithstanding that the property is listed by appraised value, it is the underlying item of real or personal property that is being taxed. It is that particular piece of property the statutes seek to prevent from escaping taxation.

Plaintiff's claim must fail. *MMP, Ltd. v. Jones*, 710 S.W.2d 59 (Tex.1986).

The judgment of the trial court is reversed and the cause remanded.

OPINION ON MOTION FOR
REHEARING

Appellee reurges its motion to dismiss. The portion of the notice of appeal in question is given as follows:

The Chief Appraiser of the El Paso Central Appraisal District gives notice that she desires to appeal to the Court of Appeals from the judgment of the Court.

An appeal bond is not required of the said Chief Appraiser (Section 42.28, Property Tax Code).

Tex.R.App.P. 40(a)(2), provides that in cases that do not require security for costs on appeal, a written notice of appeal must be filed. To be sufficient, it must state the number and style of case, the court in which pending, and that the *appellant* desires to appeal from the judgment. Appellee contends the chief appraiser was not a party to the suit, and therefore cannot give effective notice of appeal.

Rules of Civil Procedure are to be given liberal construction, particularly as they relate to filing notice of appeal. *State Department Of Highways And Public Transportation v. Douglas*, 577 S.W.2d 559 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). The right to appeal is constitutional and should not be defeated on a technical construction of the rules. *Sanders v. Aetna Life Ins. Co.*, 201 S.W.2d 234 (Tex.Civ.App.—Galveston), *rev'd on other grounds*, 205 S.W.2d 43 (Tex.1947). In this case, all requirements of notice were met except the misnomer of the Appellants. The chief appraiser and the Appellants' interests and entities are so intertwined, they essentially produce an alter ego relationship in this case. The Appellee was not disadvantaged or misled in any manner, as its brief and motion to dismiss were filed on the same day. The brief properly addressed Appellants' points of error.

Under the facts of this case, we find substantial compliance with Rule 40(a)(2). Appellee's motion for rehearing is overruled.