**FRIEDRICH AIR CONDITIONING AND REFRIGERATION COMPANY, Appellant,**

v.

**BEXAR APPRAISAL DISTRICT and Appraisal Review Board of Bexar County Texas, Appellees.**

No. 04–88–00265–CV.

Court of Appeals of Texas, San Antonio.

Dec. 30, 1988.

Reese Harrison, Jr., Thomas D. Anthony, Oppenheimer, Rosenberg, Kelleher & Wheatley, Inc., San Antonio, for appellant.

Dale Wilson, Scott E. Breen, Edward Kliewer, II, Foster, Lewis, Langley, Gardner & Banack, San Antonio, Bill Kimbrough, Asst. Atty. Gen., Austin, for appellees.

Before BUTTS, CANTU and CHAPA, JJ.

## OPINION

BUTTS, Justice.

This is a summary judgment case. Appellant Friedrich Air Conditioning and Refrigeration Company (Friedrich) appeals from an order granting the cross-motion for summary judgment of appellees, Bexar Appraisal District and Appraisal Review Board of Bexar County. The lawsuit in the district court was an appeal from an order of the Appraisal Review Board determining a protest by Friedrich, and as such was a review of an action of the Appraisal District.[1]

1. District Court review of actions of an Appraisal District, after exhaustion of appeal to an Appraisal Review Board, as provided by statute, is by trial de novo pursuant to TEX.TAX CODE ANN. § 42.23 (Vernon 1982).

In tax year 1987, the Appraisal District found that certain property, which it had previously found to be exempt from taxation under TEX.TAX CODE ANN. § 11.01(d) (Vernon 1982) (the "free-port law"), had escaped taxation in the two previous tax years. The Appraisal District therefore appraised the omitted property pursuant to TEX.TAX CODE ANN. § 25.21 (Vernon 1982), and listed the property it deemed to have been omitted in 1985 and 1986 upon supplemental appraisal records for 1987 in accordance with TEX.TAX CODE ANN. § 25.23 (Vernon 1982 & Supp.1988). Notice of the appraised value was sent to Friedrich. A timely notice of protest was filed, and a hearing conducted by the Appraisal Review Board. *See* TEX.TAX CODE ANN. § 25.23(d) (Vernon 1982). The Review Board upheld the Appraisal District's appraisal of the property as omitted property, and ordered the appraised values to be entered on the 1987 supplemental appraisal roles. Friedrich properly perfected its appeal to the district court.

Appellees based their summary judgment position, that the previously exempted property should be "back-assessed," upon their reading of the decision in *Dallas County Appraisal District v. Brinkman & Co.*, 701 S.W.2d 20 (Tex.Civ.App.—Dallas 1985, writ ref'd n.r.e.). As reflected in their pleadings, and in their motion for summary judgment, appellees believed that the free-port law, under which it had previously found the property in question to be exempt, was "invalidated by the Texas Supreme Court by virtue of its n.r.e. refusal of the taxpayer's application for writ of error" in *Brinkman*. By counterclaim to the appeal brought in district court by Friedrich, appellees petitioned for declaratory judgment, pursuant to TEX.CIV. PRAC. & REM.CODE ANN. § 37.001–37.011 (Vernon 1986), that the free-port law, *supra,* was unconstitutional. In the alternative they prayed that if the free-port statute is valid the trial court

should determine applicability of the statute.

The trial court failed to declare the statute unconstitutional, but, rather, its judgment expressly upheld the constitutionality of section 11.01(d), the free-port law. The court construed section 11.01(d) as permitting appellees to rebut the statutory presumption that the property was temporarily located in Texas (and thus exempt), and found that appellees had indeed rebutted the presumption. The appeal is from that part of the judgment which expressly found that the free-port law did not apply in Friedrich's favor, and that appellees could therefore place the property in question on the 1987 supplemental appraisal role, even though it had initially been deemed exempted for 1985 and 1986. Friedrich brings nine points of error. Appellees bring one cross point of error: that the trial court erred in not declaring the free-port law unconstitutional.

Leaving aside for the moment the free-port statute, we find the crucial statutory provision in this case is TEX.TAX CODE ANN. § 25.21 (Vernon 1982). Section 25.21 authorizes a chief appraiser to appraise during a current tax year personal property which he discovers had escaped taxation in one of the two preceding years:

§ 25.21 Omitted Property

(a) If the chief appraiser discovers that real property was not taxed in any one of the 10 preceding years or that personal property was not taxed in one of the two preceding years, he shall appraise the property as of January 1 of each year that it escaped taxation and enter the property and its appraised value in the appraisal records.

(b) The entry shall show that the appraisal is for property that escaped taxation in a prior year and shall indicate the year and the appraised value for each year.[2]

Friedrich's first five points of error, that the trial court erred in granting appellees'

---

2. The present provision dates from 1979, the year the Property Tax Code was enacted. *See* Property Tax Code, ch. 841, § 25.21, 1979 Tex. Gen.Laws 2, 2274–75 *amended in part* by Act of Aug. 14, 1981, ch. 13, § 109, 1981 Tex.Gen.Laws, 1st C.S., 161. The provision was amended to read as above in 1981. That amendment however, was non-substantive.

motion for summary judgment, are based upon the language of a statutory predecessor of section 25.21, *former* TEX.REV.CIV. STAT.ANN. art. 7208 (Vernon 1960) (*repealed* 1979), and the case law under that former statutory provision. The salient former provision read as follows:

Art. 7208 Back taxes on personal property

If the assessor of taxes shall discover in his county any property, or outside of his county but belonging to a resident of the county, any personal property which has not been assessed or rendered for taxation every year for two years past, he shall list and assess the same for each year thus omitted which it has belonged to said resident, in the manner prescribed for assessing other property; and such assessment shall be as valid and binding as though it had been rendered by the owner thereof. Acts 1887, p. 127; G.L. vol. 9, p. 925

TEX.TAX CODE ANN. § 22.01 (Vernon 1982) requires taxpayers such as Friedrich to render all personal property owned by them to the taxing authority. There is case law under former statutory provision art. 7208, *supra,* (and under still earlier incarnations of that provision), which indicates that property which was rendered or assessed in a tax year cannot be back-assessed in a subsequent tax year. *See Yamini v. Gentle,* 488 S.W.2d 839, 841 (Tex.App.Dallas 1972, writ ref'd n.r.e.); *State v. Couts Estate,* 149 S.W. 281 (Tex. App.—Fort Worth 1912, no writ); *Cook v. Galveston H. & S.A. Ry. Co.,* 5 Tex.Civ. App. 644, 24 S.W. 544 (Tex.App.—San Antonio 1893, no writ). Friedrich contends these cases establish that where the taxpayer claims, as it did in this instance, that the property was not omitted, but rather was included in the taxpayer's rendition, the taxing authority has the burden to show the property was not rendered. Friedrich argues that appellees did not fulfil that burden, and that because it fully rendered the property in question for tax years 1985 and 1986, the Appraisal District could not treat the property as omitted property by adding it to the 1987 supplemental appraisal rolls. Friedrich recog-

nizes that the current statutory provision does not contain the "rendered" language found in its predecessor statute, but urges that the former provisions be considered in construing the current statutory language. *See* TEX.GOVT.CODE ANN. art. 311.023 (Vernon 1988). Specifically, Friedrich would have us construe "escaped taxation," in section 25.21, to mean "was not rendered or assessed," in tune with the former statutory provisions and cases under those provisions.

The trial court did not accept Friedrich's interpretation of the current statute, as the judgment stated that appellees "were authorized by the provisions of the Tax Code, including section 25.21, to add the property to the 1987 supplemental appraisal roll." Although the parties contest whether the property in question was "rendered," all parties maintain there is no fact issue to be resolved. Friedrich contends there is no fact issue concerning rendition because appellees have no evidence tending to show the property in question was not rendered. A supplemental affidavit of an Appraisal District official, which appellees claim demonstrates that the property was not rendered, was stricken from the pleadings as untimely filed. The trial court did not consider that affidavit as part of appellees' summary judgment evidence, and we cannot consider it here. Appellees, although maintaining that the property in question was not rendered, contend that there is still no fact issue because "rendering" is no longer material under section 25.21, the current statute. Appellees further contend that section 25.21 gives the Appraisal District the power to correct a prior decision to treat personal property as exempt which it subsequently deems erroneous, as long as the correction is made within the two-year time frame for retroactive appraisal established by the statute.

The role of the repealed statutory predecessors to section 25.21 in interpreting that statute was recently addressed in *El Paso Central Appraisal District v. Montrose Partners,* 754 S.W.2d 797 (Tex.App.—El Paso 1988, no writ). In that case the taxpayers argued that certain improvements

to real property could not be deemed omitted from taxation because the Appraisal District had already set an appraised value for improvements. The taxpayers contended that an incorrect assessment did not constitute an omission from taxation. The taxpayers cited *Yamini v. Gentle, supra,* in support of their position, a case relied upon by Friedrich in this appeal. The Court of Appeals in *El Paso Central Appraisal District v. Montrose Partners, supra,* recognized that the former statutes had prevented reassessment for additional taxes. The court stated, however, that "[a]lthough prior law is given consideration in ascertaining legislative intent, it is also looked to for defects sought to be remedied by the new statutes." 754 S.W.2d at 799 (citing TEX.GOVT.CODE ANN. § 311.023 (Vernon 1988)). The court read section 25.21 as a departure from prior law, a departure which furthered the objective of preventing particular pieces of property from escaping taxation. *See id.*

 We agree with appellees that Friedrich's "rendition" argument has no force under the current statutory scheme. The 1979 Tax Code palpably worked substantive change in Texas tax law in many respects, although 1981 amendments to the Tax Code were intended as non-substantive. *See* TEX.PROP.CODE ANN. Title 2 Enactment (Vernon 1982). When the legislature rewrites and transforms the law, in the absence of an indication on the part of the legislature that the change is intended as non-substantive, we tend to believe that the legislature designed through its action to work a change in the law. When the legislature devised and enacted the Tax Code it produced a significant difference in section 25.21 from the former articles 7207 and 7208, which once provided for back-assessment of real and personal property. In this instance, it is not logical to accept that the legislature omitted the "rendered" language without recognizing that the "rendered" language had previously constituted an integral substantive component of the law. Specifically, we interpret the absence of language concerning rendition in section 25.21 to indicate that initial rendition is no bar to an Appraisal District's subsequent correction of an appraisal, so long as that correction is within the time frame indicated in section 25.21. The first five points are overruled.

By our interpretation of the Appraisal District's authority under section 25.21, we do not endorse appellee's interpretation of *Brinkman, supra,* that the free-port law, section 11.01(d), *supra,* was invalidated by the Court of Appeals or the Supreme Court. We merely hold that within the time frame allowed under section 25.21, the chief appraiser could re-evaluate a previous decision that personal property was exempt, and could correct a mistaken decision in that regard. Therefore, in order to defeat a challenge that the property in question was exempt under the free-port statute, appellees had to show, in the context of summary judgment proceedings, that the section 11.01 presumption of temporary location in the state (and thus exemption) was rebutted *as a matter of law.* This is precisely the same burden appellees would carry under such a challenge to a current year's appraisal.

 Defendants who move for summary judgment have the burden of showing as a matter of law that no material issue of fact exists as to the plaintiff's cause of action. *Griffin v. Rowden,* 654 S.W.2d 435, 435–436 (Tex.1983). TEX.R.CIV.P. 166a(c) provides that the motion for summary judgment shall state the specific grounds therefor. Further, "[t]he judgment sought shall be rendered forthwith ... and the moving party is entitled to judgment as a matter of law on the issues as expressly set out in the motion or in an answer or any other response." *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 677 (Tex.1979). Both the reasons for summary judgment and the objections to it must be in writing and before the trial judge at the hearing. *Id.*

In its judgment, the trial court found as a matter of law that:

The subject property was located within the State of Texas on January 1, 1985 and January 1, 1986 for business purposes and not on a mere temporary or

transitory basis, and that as a consequence the presumption of temporary location contained in Section 11.01(d) of the Texas Property Tax Code, TEX.CIV. STAT.ANN. (Vernon 1987), commonly known as the "free-port law," is overcome as a matter of law and the subject property should have been but was not included on the appraisal roll for 1985 and 1986.

The salient statutory provisions read, in pertinent part, as follows:

TEX.TAX CODE § 11.01(c) (Vernon 1982):

(c) This state has jurisdiction to tax tangible personal property if the property is:

(1) located in this State for longer than a temporary period; ...

TEX.TAX CODE § 11.01(d) (Vernon 1982):

(d) Goods, wares, ores (other than oil, gas and other petroleum products), and merchandise are presumed to be in interstate commerce and/or are not to be located in this state for longer than a temporary period if the property is:

(1) transported from outside this state into the state to be forwarded outside this state;

(2) detained in this state for assembling, storing, manufacturing, processing, or fabricating purposes; and

(3) not located in this state for longer than 175 days.

In *Brinkman, supra,* the Dallas Court of Appeals interpreted the free-port law in a fashion which avoided a direct conflict between that law and the Texas Constitution. The court recognized that under the Texas Constitution, "all law exempting property from taxation other than the property mentioned in this Section shall be null and void," TEX. CONST. art. VIII, § 2, and that all property in this state is subject to taxation unless it comes under an exemption authorized in the Texas Constitution. 701 S.W.2d at 22. The court reasoned that, [i]f ... the legislature were to define taxing jurisdiction in such a way that property subject to taxation under the Texas Constitution and federal law was not subject to taxation under the statutory definition of taxing jurisdiction, the legislature would be indulging in an unconstitutional attempt to grant an exemption from taxation ... Therefore, section 11.01, to the extent that it is valid, can only be a legislative reflection of Texas constitutional principles governing the power of political subdivisions of the State of Texas to tax real and tangible personal property.

*Id.* at 22–23. *See also Aransas County Appraisal Review Bd. v. Texas Gulf Shrimp Co.,* 707 S.W.2d 186, 190 (Tex. App.—Corpus Christi 1986, writ ref'd n.r.e.) (summarizing *Brinkman,* but concerning different statutory provisions).

The court in *Brinkman* further observed that although section 11.01(d) "outlines requirements for a *presumption* that goods are *not* 'located in the state for longer than a temporary period,'" section 11.01 does not define the term, "located in the state for longer than a temporary period." 701 S.W.2d at 23. The court therefore found that in determining whether the taxpayer's goods were in Texas only temporarily and thus not subject to taxation, it was required to "look beyond section 11.01 to the Texas constitutional and federal principles which are the foundation of section 11.01." *Id.* The court concluded that "goods are located in the state for longer than a temporary period if, under federal law, they are in the state on more than a transitory basis," adding that, "[g]oods are in the state on transitory basis if they are in 'interstate transit.'" The court then gave various instances from case law to show what constitutes or does not constitute interstate transit. *Id.* The court in *Brinkman* took the position that the section 11.01(d) presumption can be rebutted by showing the goods at issue are not in interstate transit as defined by federal law. *See id.*

As with Friedrich, the personal property in question in *Brinkman* was warehoused inventory. The court in *Brinkman* catalogued the features and aspects of the inventory which could lead it to find that the inventory was "out of interstate transit," and thus within the taxing jurisdiction

of the state. Ninety percent of the warehoused inventory was subject to sale and shipment either in state or out of state as orders came in. All the goods in Brinkman's warehouse were apparently being detained there for business purposes and profits. All of the inventory of Carnation (the other taxpayer in the *Brinkman* case) was subject to sale and shipment either in state or out of state.

█ In the present case the only summary judgment evidence in the record before the court which describes characteristics of the property relevant to determining whether the inventory in question was in interstate transit, is contained in two affidavits of an Appraisal District official, Arthur J. O'Connell. A third, "supplemental affidavit," supposedly concerning the issue of rendition, but stricken by the trial court as untimely filed, is not in the record before us. The first affidavit, attached to appellees' cross-motion for summary judgment, states in pertinent part:

> Plaintiff [Friedrich] represented to the Appraisal District that the business conducted by Plaintiff within Defendants' taxing jurisdiction consisted of operating two plants which fabricated room air conditioners and certain commercial refrigeration units. The finished products were fabricated using component parts as well as finished products awaiting shipment to destinations within and without the State of Texas. The finished products were to be sold within and without the State of Texas....

The second affidavit was attached to appellees' supplement to their cross-motion for summary judgment. The supplement was concerned with a cause of action which challenged the 1987 tax year appraisal (not a back-appraisal of omitted property), in which Friedrich was denied a free-port exemption. That had been a separate lawsuit, but it was consolidated with this appeal challenging the retroactive appraisals for 1985 and 1986. Friedrich, however, non-suited its challenge to the "prospective" 1987 appraisal which denied the free-port exemption for that year. The second affidavit, although attached to a motion addressed to the non-suited cause, was made "in conjunction with the motions for summary judgment presently pending ... and particularly [but not exclusively] Defendants' Supplement...." Therefore, we may appropriately consider this affidavit for its content regarding the characteristics of the property in question, the same type of property which was the subject of the back-appraisal for 1985 and 1986. The affidavit states in pertinent part:

> Defendant's products are fabricated using components obtained from within and without the State of Texas. The property at issue in the instant case consists of these component parts as well as finished products awaiting shipment to destinations within and without the State of Texas. The property which Plaintiff contends are entitled to exemption were not segregated from the remainder of Plaintiff's property ... The property was clearly within Texas for a business purpose, fabrication of component parts into finished products ...

We find that on the basis of the uncontroverted statements concerning the nature of the property in question contained in the O'Connell affidavits, the trial court could determine that the goods were stored not merely to accommodate their transportation, but for the business purposes and profits of the company, and were not in interstate transit. *See Brinkman,* 701 S.W.2d at 23. *See also Myers, Ad Valorem Taxation Litigation and Recent Changes to the Property Tax Code,* 19 St. Mary's L.J. 279, 313 (1987) (interpreting *Brinkman* to mean that since storage interrupts transit, stored property is taxable). Therefore the court could find, as it did, that section 11.01(d) presumption was rebutted, or thus it was established under 11.01(c) that, "the property was located in this state for longer than a temporary period." It was not controverted that the goods were in the state on more than a transitory basis.

We note that appellees prayed in their petition for declaratory judgment that should the trial court determine the statute to be constitutional; that the trial court

render "a declaratory judgment as to the applicability of the statute" to the property. This constituted a theory for judgment: that the facts of the case were sufficient to overcome the free-port presumption of section 11.01(d). Appellees also based their position on the theory that section 11.01(d) had been invalidated as unconstitutional. Appellees claimed that the Texas Supreme Court had invalidated the statute, yet they sought a declaratory judgment from the district court that the statute was unconstitutional. On the other hand, appellees did specifically call the trial court's attention to the affidavits of O'Connell, and the affidavits, as we have discussed, worked to rebut the 11.01(d) presumption.[3] We find that appellees fulfilled their burden on their cross-motion for summary judgment.

■ In points of error six and seven appellant Friedrich argues that "principles of res judicata" should have been applied with regard to the Appraisal District's initial exemption of the property in question, thereby barring a subsequent appraisal. When an administrative action is judicial or quasi-judicial, it is appropriately given res judicata effect. *Bryant v. L.H. Moore Canning Co.*, 509 S.W.2d 432, 434 (Tex.App.—Corpus Christi 1974), *cert. denied, Pope v. Texas*, 419 U.S. 845, 95 S.Ct. 79, 42 L.Ed.2d 74 (1974). Assessment of property for tax purposes is a quasi-judicial function. *See Crystal City Independent School District v. B.K. Johnson*, 535 S.W.2d 730, 733 (Tex.App.—Tyler 1976, no writ); *Hutchinson v. City of Dallas*, 290 S.W.2d 253, 256 (Tex.App.—Dallas 1956, no writ).

■ However, an administrative order bars subsequent agency adjudication of the same subject matter by the same party *unless allowed by statute*, or perhaps unless circumstances have changed. *Al-Jazrawi v. Texas Board of Land Surveying*, 719 S.W.2d 670 (Tex.App.—Austin 1986, no writ); *See Sexton v. Mount Olivet*

*Cemetery Association*, 720 S.W.2d 129 (Tex.App.—Austin 1986, writ ref'd n.r.e.). Thus we look to what the governing statute, section 25.21, *supra*, permits as to revisions of prior appraisals. *See* 720 S.W.2d at 138–141. Clearly, section 25.21 directs the chief appraiser to appraise the value of any personal property which escaped taxation. In some sense this has the effect of permitting a reappraisal of the entity's personal property, for the previous tax year or years. As to the particular omitted property, its value was never assessed, and thus never adjudicated. Points of error six and seven are overruled.

As a cross-point of error appellees argue that the trial court erred in not declaring the free-port law unconstitutional. Appellees petitioned the trial court for a declaration of unconstitutionality pursuant to TEX.CIV.PRAC. & REM.CODE ANN. §§ 37.001–37.011 (Vernon 1986). The trial court did not declare the statute unconstitutional, but, rather, expressly upheld the constitutionality of section 11.01(d). The court construed section 11.01(d) as permitting appellees to rebut the statutory presumption that the property was temporarily located in Texas, and found that appellees had rebutted the presumption.

■ Since the constitutionality of the free-port statute was not squarely faced, given the trial court's interpretation of that statute, the court need not have, and should not have, reached the constitutional question. Neither should we address it here. It is a settled principle of our jurisprudence that, " 'a court will pass upon the constitutionality of a law only when necessary to the determination upon the merits of the cause under consideration....' " *Tigner v. First National Bank of Angleton*, 153 Tex. 69, 264 S.W.2d 85, 88 (1954) (quoting 11 Am.Jur., Const.Law § 93). *See Bush v. State of Texas*, 372 U.S. 586, 590, 83 S.Ct. 922, 925, 9 L.Ed.2d 958 (1963); *United States v. International Union of United Auto, Aircraft and Agricultural*

---

3. Interestingly, the appellate reply brief of Friedrich to appellees' cross-point of error contains statements which are tantamount to admissions that the property in question would be taxable if the reasoning set out in the *Brinkman* case could be retroactively applicable to the back-appraisals for 1985 and 1986 which are the subject of this case. *Brinkman* is applicable here.

*Implement Workers of America,* 352 U.S. 567, 589–590, 77 S.Ct. 529, 540–541, 1 L.Ed. 2d 563, 577, *rehearing denied,* 353 U.S. 943, 77 S.Ct. 808, 1 L.Ed.2d 763 (1957); *Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 345–348, 56 S.Ct. 466, 482–484, 80 L.Ed. 688 (1936) (Brandeis, J. dissenting in part), *Texas State Board of Barber Examiners v. Beaumont Barber College, Inc.,* 454 S.W.2d 729, 732 (Tex. 1970); *Smith v. State,* 658 S.W.2d 172, 174 (Tex.Crim.App.1983); *Ex Parte Salfen,* 618 S.W.2d 766 (Tex.Crim.App.1981). The courts will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of. *See Ashwander v. Tennessee Valley Authority,* 297 U.S. at 347, 56 S.Ct. at 483. If a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, we will decide only the latter. *See id.* In this case, the trial court properly based its judgment upon statutory construction. Thus it became unnecessary to reach the question of unconstitutionality. *See id.* at 348, 56 S.Ct. at 483–484; *See also* TEX.GOVT. CODE ANN. § 311.021(1).

Moreover, we "will not pass upon the validity of a statute upon complaint of one who fails to show that he is injured by its operation." *Ashwander v. Tennessee Valley Authority,* 297 U.S. at 347, 56 S.Ct. at 483. Since the trial court allowed appellees to rebut the free-port presumption, and upheld the back-appraisal of taxes at issue in this case, appellees have failed to show injury. Further, our courts "will not pass upon the constitutionality of a statute at the instance of one who has availed himself of its benefits.'" *Texas Architectural Aggregate v. Adams,* 690 S.W.2d 640 (Tex. App.—Austin 1985, no writ) (quoting *Ashwander, supra* 297 U.S. at 347, 56 S.Ct. at 483). In this case appellees have benefitted from the application of the statute as construed by the trial court. *See Fahey v. Mallonee,* 332 U.S. 245, 67 S.Ct. 1552, 91 L.Ed. 2030 (1947); *Beneficial Finance Company of Midland v. Miskell,* 424 S.W.2d 482 (Tex.App.—Austin 1968, writ

ref'd n.r.e.). Appellees' cross point of error is overruled. The finding of the trial court as to the constitutionality of TEX.TAX CODE ANN. § 11.01 (Vernon 1982) was unnecessarily reached under the circumstances of this case.

■ In points of error nine and ten Freidrich argues that the "back-assessment" of its property as omitted property is an "unlawful and confiscatory taking," in violation of Friedrich's right to due process of law. Friedrich seeks to rely upon the case of *State v. Chicago R.I. & G. Ry. Co.,* 263 S.W. 249 (Tex.1924), which involved a reassessment of values for taxation. The Court in that case held that where taxes have been paid as levied by tax officials, *in the absence of a law authorizing any further assessment* an attempt to require payment of *additional tax on the same property* would deprive the taxpayer of his property without due process of law. 263 S.W. at 253 (emphasis added).

In its due process argument, Friedrich reiterates and depends upon the case of *Yamini v. Gentle, supra,* in which a rendition by the taxpayer in a previous tax year was found to bar a back assessment for that year under pre-Tax Code law. We have found that rendition poses no such bar under section 25.21 and other applicable provisions of the Tax Code, and we have held that the Appraisal District's action with regard to Friedrich, under section 25.21, was appropriate. Because section 25.21 authorized the appraisal, there is no absence of an authorizing law as in *State v. Chicago R.I. & G. Ry. Co., supra.* Moreover, a back-appraisal of omitted property under section 25.21 is not properly understood as additional tax on the same property. *See El Paso Central Appraisal District v. Montrose Partners,* 754 S.W.2d at 799; *cf. State v. Chicago R.I. & G. Ry. Co.,* 263 S.W. at 253 (concerning additional tax on the *same* property).

The Tax Code provides for notice and hearing with regard to appraisals of property under section 25.21. Appellant Friedrich does not appear to dispute but that appellees complied with the appropriate

provisions for notice and hearing, or that appellant was prejudiced by those provisions. Friedrich timely protested the appraisal after it had received proper notice. *See* TEX.TAX CODE ANN. § 25.23(c), (d) (Vernon 1982). A hearing was held by the Bexar Appraisal Review Board, which entered an order regarding the appraisal. Friedrich does not argue that the Review Board hearing was inadequate. Friedrich was entitled under the Tax Code to further appeal to the district court and to obtain there a trial de novo on the issues regarding the appraisal. *See* TEX.TAX CODE ANN. § 42.23 (Vernon 1982). Friedrich perfected its appeal to the district court by timely filing of notice and the suit, and the court entered an order in the case, from which this appeal was taken. Friedrich points to nothing in these procedures, which provided it multiple opportunities to be heard, that constitutes a deprivation of due process. Points of error eight and nine are overruled.

The judgment is affirmed.

CANTU and CHAPA, JJ., concur without opinion.