**HARRIS COUNTY APPRAISAL DISTRICT and Harris County Appraisal Review Board**

v.

**REYNOLDS/TEXAS, J.V.**

No. 08–93–00396–CV.

Court of Appeals of Texas, El Paso.

Aug. 18, 1994.

Rehearing Overruled Oct. 12, 1994.

Kenneth Wall, Olson & Olson, Houston, for appellants.

Ellis L. Tudzin, McGlinchey Stafford Lang, Houston, for appellee.

Before KOEHLER, LARSEN and McCOLLUM, JJ.

## OPINION

LARSEN, Justice.

This appeal concerns liability for property taxes. Reynolds/Texas, a joint venture, appealed to the district court the Harris County Appraisal Review Board's[1] decision assessing back tax liability for improvements to Reynolds' land the board determined were "omitted property" under TEX.TAX CODE ANN. § 25.21 (Vernon 1992). Both Reynolds and the Harris County Appraisal District filed motions for summary judgment in the trial court. The trial court entered summary judgment for Reynolds, and the appraisal district appealed. In two points of error, it

contends the trial court improperly granted Reynolds' summary judgment and improperly denied summary judgment for the appraisal district. We reverse and render judgment for the appraisal district.

## FACTS

Reynolds owns Crosstimbers, approximately seven acres of land in Harris County with commercial improvements. Its agent for tax purposes filed an "inventory of property" rendering the property for taxation each year for the years 1984 through 1991. Each rendition contained a description of the property as follows:

| Description | Acres | Value |
|---|---|---|
| Crosstimbers | 7.059 | 338,230 |
| Lts. 113A–121, Trenton Place, Sec. 2 and Trs. 5, 6, 9 pts of 4, 7, 8, 10 | | |
| Improvements | | |

The renditions contained no appraised value for improvements. Although these renditions were not on the appraisal district's designated forms, the appraisal district never rejected them or returned them to Reynolds. The appraisal district incorporated certain information from these renditions (the identity and number of Reynolds' agent, for example) into its appraisal rolls. Although Reynolds paid taxes assessed on the land rendered in these documents, it paid no taxes for the improvements for the years 1984 through 1991.

In November 1991, the appraisal district sent Reynolds notice that the value of improvements on the Crosstimbers property had been omitted from the appraisal records for the years 1984 through 1991. The appraisal district submitted to Reynolds its proposed valuation for the improvements. This correspondence was Reynolds' first notice that the appraisal district valued the improvements at an amount greater than zero dollars.

Reynolds filed a timely written notice with the appraisal review board protesting the appraisal district's determination that the improvements were "omitted property." Reynolds protested the appraisal district's valua-

---

1. Reynolds named both the Harris County Appraisal Review Board and the Harris County Appraisal District as defendants here. We shall refer to them collectively as the appraisal district unless we are referring specifically to an action of the review board.

tion of the property, as well. The appraisal review board, after hearing, held that the improvements were omitted property, and therefore subject to taxation for past years. The board also reduced the appraised value from that proposed by the appraiser. The parties have stipulated that if the improvements were omitted property, their appraised value for each of the omitted years should be $1,290,000.

Both sides filed motions for summary judgment in the trial court. The trial court granted Reynolds' summary judgment, holding that the improvements were not omitted property, that the appraisal district could not include them in its rolls for previous years, and awarding Reynolds attorney's fees. The appraisal district appealed.

### STANDARD OF REVIEW

■ The appellate standard of review for summary judgment on appeal is:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovants will be taken as true; and

3. Every reasonable inference must be indulged in favor of the nonmovants and any doubts resolved in their favor. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

When both parties moved the trial court for summary judgment, we consider all evidence accompanying both motions in deciding whether to sustain the judgment. *Dallas County Appraisal District v. Institute for Aerobics Research*, 766 S.W.2d 318, 319 (Tex. App.—Dallas 1989, writ denied). We determine all questions presented in both motions, and may reverse the trial court judgment and render such judgment as the trial court should have rendered if we determine that the appellant was entitled to judgment as a matter of law. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988).

### ISSUE PRESENTED FOR REVIEW

The questions presented for our review are whether the appraisal district could treat the improvements to Reynolds' land as omitted property, and appraise it under TEX.TAX CODE ANN. § 25.21; whether the improvements were rendered in the documents described above; and if they were rendered whether they must be deemed to have been included in the appraisal rolls and valued at zero dollars, thus precluding taxation for the years prior to 1992.

### OMITTED PROPERTY

■ This case turns upon whether the improvements to Reynolds' land were omitted from the appraisal rolls, and therefore subject to TEX.TAX CODE ANN. § 25.21, which provides:

(a) If the chief appraiser discovers that real property was omitted from an appraisal roll in any one of the five preceding years ... he shall appraise the property as of January 1 of each year that it was omitted and enter the property and its appraised value in the appraisal records.

(b) The entry shall show that the appraisal is for property that was omitted from an appraisal roll in a prior year and shall indicate the year and the appraised value for each year.

Reynolds contends that the improvements cannot be omitted property because Reynolds rendered them to the chief appraiser, who had no authority to refuse such renditions. Although the improvements were not reflected on the appraisal rolls before 1992, and were not taxed before that year, Reynolds nevertheless argues that they must be deemed included because its rendition form included the word "improvements." It argues that the notation of zero on the appraisal rolls is, in fact, an appraised value, and the appraised district has no authority to retroactively change that value.

■ Land and improvements are separate entities of real property under the tax code, subject to independent taxation. TEX.TAX CODE ANN. § 1.04; *El Paso Central Appraisal District v. Montrose Partners*, 754 S.W.2d

797, 798 (Tex.App.—El Paso 1988, writ denied); *Cameron County Appraisal Review Board v. Creditbanc Savings Assoc.,* 763 S.W.2d 577, 579 (Tex.App.—Corpus Christi 1988, writ denied). Even where the unimproved value of land is taxed, a back appraisal may be made of improvements which escaped assessment, and those improvements added to the tax rolls for prior years. *Creditbanc Savings Assoc.,* 763 S.W.2d at 580.

We cannot agree with Reynolds' assertion that once it submitted a document rendering its real property containing the single word "improvements" (which apparently escaped the appraiser's attention for a number of years), that precludes any correction of the appraisal rolls. We do not believe this is the current state of the law. Unlike its predecessor statute, the statute now in force does not include any prohibition against correcting the appraisal rolls to include property omitted although previously rendered by the taxpayer. See TEX.REV.CIV.STAT.ANN. art. 7207 (Vernon 1960) (repealed); TEX.TAX CODE ANN. § 25.21; *Friedrich Air Conditioning and Refrigeration Co. v. Bexar Appraisal District,* 762 S.W.2d 763, 766 (Tex.App.—San Antonio 1988, no writ). Even assuming that the documents submitted by Reynolds to the appraiser did properly render the improvements upon its land for taxation, that did not bar the appraisal district's subsequent correction of its erroneous appraisal, so long as that correction was within the deadline imposed by the statute. *Id.* We hold that the trial court erred in granting summary judgment for Reynolds, and in denying summary judgment for the Harris County Appraisal District. Points of Error One and Two are sustained.

### TIME FRAME FOR CORRECTION

■ This leads us to a second disagreement between the parties, which is how far into the past the appraiser may reach in correcting the appraisal rolls to include the improvements at issue here. The appraisal district contends that, because it first recognized its error and notified Reynolds of it in 1991, the statute in effect at that time controls. That version of § 25.21 allowed the appraiser to back-assess real property for

ten years preceding discovery of the omission. TEX.TAX CODE ANN. § 25.21(a) (amended 1992). Reynolds, on the other hand, contends that if we find the improvements to its property are subject to corrected assessment, the current version of § 25.21 applies, allowing the appraiser to assess the omitted property only for five years preceding discovery of the error. We believe Reynolds is correct, and that the improvements may be back-appraised for only the years 1987 through 1991. We conclude this for two reasons.

■ First, we note that the parties entered into a joint pretrial order in this case, stipulating that the current version of § 25.21 applied to the controversy. This pretrial order was signed by attorneys for both parties, and was filed of record in the case. It meets the requirements of TEX. R.CIV.P. 11 and is binding. Second, we believe that the current version of § 25.21 should apply retroactively because it is a remedial law, and contains no saving clause which would apply the old statute to pending cases. *Holder v. Wood,* 714 S.W.2d 318, 319 (Tex.1986); *La Sara Grain Co. v. First National Bank of Mercedes,* 673 S.W.2d 558, 567 (Tex.1984); *Knight v. International Harvester Credit Corp.,* 627 S.W.2d 382 (Tex. 1982). We therefore hold that the appraisal district may include the stipulated appraised value for the Crosstimbers improvements in its tax rolls for the years 1987 through 1991 only.

### ATTORNEY'S FEES

Finally, the appraisal district challenges the trial court's award of attorney's fees to Reynolds. The property tax code provides for an award of attorney's fees to "[a] property owner who prevails in an appeal to the court...." TEX.TAX CODE ANN. § 42.29. As we hold that the property owner's summary judgment was improperly granted here, and the appraisal district's summary judgment improperly denied, we must also overturn the trial court's award of attorney's fees as Reynolds is not a prevailing party.

## CONCLUSION

We reverse the trial court's summary judgment in favor of Reynolds/Texas J.V. and its award of attorney's fees. We render summary judgment in favor of the appraisal district. We hold that the Harris County chief appraiser may enter the stipulated appraised value of Reynolds' improvements on the appraisal rolls for the years 1987 through 1991, inclusive.